CITY OF ST. LOUIS, TO USE OF JOHN CARROLL, Respondent, v. JAMES A. HARDY, Appellant.

*St. Louis—Special Tax—Pleading.*—In an action to collect the amount of a special tax under the act of January 16, 1860, (Sess. Acts 1859-60, p. 382,) it is not necessary to set out in the petition the contract between the City of St. Louis and the contractor doing the work. The act requires suit to be brought in the name of the city to the use of the contractor.

*Appeal from St. Louis Common Pleas Court.*

The petition alleges that the defendant is the owner of an undivided one-half part of certain real estate described therein; that John Carroll contracted with the City of St. Louis to macadamize Olive street from Grand avenue to the western limits of the city, in front of said property; in pursuance of the provisions with said contract, said Carroll completed said work, as appears by account and certificate of the city engineer, produced and filed; that the sum of $315 was assessed by said city engineer against said property, as appears from said certificate, and that the city engineer was the proper officer to issue the same, and that said sum was

the true value of said work; that the owners of the other undivided one-half have paid their proportion, but the defendant has failed to pay his; that by the several acts incorporating the City of St. Louis, defendant is made directly liable to plaintiff to the use of said Carroll for said sum; that by virtue of the premises defendant is liable to plaintiff in the sum of $157.50, for which, with interest, he asks judgment, &c.

The defendant demurred to the petition because,

1. It does not set forth the contract or the substance thereof.

2. It does not set forth the city ordinance or the substance thereof.

3. It does not contain a bill of items of the alleged work and labor done, nor is any attached thereto.

4. It does not set forth the alleged assessment, nor the name of the city engineer, nor the time of the assessment.

5. It does not state the time when the work and labor were done, or that demand for payment was ever made.

6. Because the City of St. Louis is not a proper party to the suit.

*E. Casselberry*, for appellant.

I. The petition does not set forth the contract No. 1138, therein alluded to; so much of the instrument declared on must be set forth in the petition as relates to the cause of action. (See Chit. Pl. 366, 305, 374 & 301 to 321; Steph. Pl. 339.)

II. The courts do not take judicial notice of ordinances and by-laws of municipal corporations; they are in the nature of private statutes, and must be set forth in the petition. (Steph. Pl. 347; Chit. Pl. 215–16.) So much of the ordinance as relates to the cause of action should have been set forth in the petition according to the above authors. (2 Chit. Pl. 401.)

III. The plaintiff referred to the 2d section of the amended charter of January 16, 1860, (Revised Ordinances of the

City of St. Louis of 1861, p. 227.) This section only regulates the rule of evidence; it makes the certificate of the engineer evidence of the quantity of work done, and that the same was done according to the contract.

The statute making the certificate evidence only intended to prescribe a rule of evidence, and did not intend to make the certificate an instrument on which an action could be founded. Without such a rule, the person doing the work would have to prove the quantity, kind, and value of the work in the same manner as if he was suing a private individual, which in many instances would be very troublesome and difficult.

IV. Neither the petition nor the certificate contained a bill of the items of the alleged work and labor done. The certificate ought to be attached to the foot of the bill of items, or at least refer to it. A bill of items ought to accompany the certificate or petition in the same manner that a bill of the items for goods, wares and merchandise, accompanies a petition in a suit on an open account.

V. The petition does not set forth the alleged assessment, nor the time when the same was done. It should state who assessed it, and when it was done, and under what circumstances, so that an issue could be made if the assessment had not been properly made.

VI. The petition does not state the time when the alleged work was done, nor that demand of payment of the alleged amount has ever been made. The time when work of this kind was done, is necessary to be stated for two reasons; one is, as to when the enormous rate of interest begins, and the other is, as to the proper defence in regard to the lien and the statute of limitations. The demand is necessary, because work of this kind is done by the city for the proprietor, without his knowledge or consent. The proprietor ought, at least, to be notified by a demand of payment before suit is brought. The work in cases of this kind is done by the city on its own order, without the knowledge or consent of the proprietor. Under these circumstances, a demand of

payment ought to have been made before saddling him with a bill of costs and harassing him with a suit.

*C. C. McClure*, for respondent.

I. The petition contains all the allegations necessary under the law to constitute a cause of action.

II. This is not an action on a contract, or for work and labor done, but an action to recover the amount of a special tax bill issued by the City of St. Louis, under the provisions of an act entitled "An act supplementary to the several acts incorporating the City of St. Louis," approved January 16, 1860. (See Acts of 1859–60, p. 383, § 22.) It was not necessary, therefore, to set out the contract or its substance, or to set forth the items of work and labor done and materials furnished.

III. The action is founded upon and authorized by a general law of the State of Missouri, and therefore it is not necessary to plead the ordinances of the city of St. Louis.

IV. By the act above alluded to, John Carroll is authorized to collect the amount due him by suing in the name of the City of St. Louis to his own use; the City of St. Louis is then a necessary party to the action.

V. The Court of Common Pleas had jurisdiction of the subject matter of the action. (Fitzgerald v. Jones, 33 Mo. 587.)

VI. The act of the General Assembly above alluded to is constitutional. (Lockwood v. City of St. Louis, 24 Mo. 20; Palmyra v. Morton, 25 Mo. 593; City of St. Joseph v. Anthony, 30 Mo. 537.)

VII. Under the law, the bill itself is *prima facie* evidence of the validity of the charge against the property and the liability of the person specified in the bill, nor is any demand necessary.

BAY, Judge, delivered the opinion of the court.

We are of opinion that the demurrer in this case was prop-

erly overruled. Under the existing law the cost of paving, macadamizing, constructing and repairing streets in the City of St. Louis, is chargeable to the property adjoining, or in the vicinity of the work ; and it is made the duty of the city engineer (or other officer having charge of the work) to compute the cost thereof, and to assess it as a special tax against the adjoining property fronting on the work done, and to make out a certified bill of such assessment against each lot of ground chargeable with the work done, in the name of the owner, and to deliver such certified bill to the contractor for the work, who is authorized to collect the same by ordinary process of law, in the name of the City of St. Louis, to his own use. (See Sess. Acts 1859–60, p. 382.) Such certified bill is also made a lien against the ground, or lot therein described, and is *prima facie* evidence of the validity of the charge and the liability of the owner of the property.

The main ground of objection to the petition urged by defendant is, that it fails to set out the contract between the city and Carroll. This, we think, was unnecessary ; for the suit is not brought upon the contract, nor could it be, for Hardy is neither a party nor privy to it. It is, as properly stated by respondent, an action to recover a special tax bill issued by the city under the authority of an act of the Legislature. The general averment that the city contracted with Carroll to do the work, and that in pursuance of such contract said Carroll did the work and completed the same on the 27th September, 1860, and that the amount due him from defendant, as assessed by the city engineer, is the true value of the work, we think sufficient, without giving in detail all the provisions of the contract.

Another objection made to the petition is, that the suit is brought in the name of the city to the use of Carroll. In making this objection, the counsel overlooked the fact that the act of the 16th January, 1860, expressly requires the suit to be so brought. A third ground of demurrer relates to the jurisdiction of the court, but no allusion is made to.

it in appellant's brief, and we are unable to perceive any force in the objection.

Nor do we think the point with reference to city ordinance No. 4370 well taken. We see no reason why the ordinance should be set out in the petition. Had the cause proceeded to trial, it might have become necessary to introduce the ordinance in evidence, to show the authority of the city engineer to cause the work to be done, but it could have answered no other purpose whatever. But even if it was necessary to plead the ordinance, we think the mode in which it is done in the petition is sufficient. (2 R. C. 1855, § 52–3, p. 1239.) The petition is somewhat informally drawn, but we think it contains facts sufficient to constitute a cause of action.

The other judges concurring, the judgment will be affirmed.