CITY OF ST. LOUIS TO THE USE OF JOHN LOHRUM, Respondent, *v.* MARY E. COONS, Appellant.

1. *Constitution—City of St. Louis—Evidence.*—The act of the General Assembly of January 16, 1860, § 2, which authorized the City of St. Louis to assess the cost of macadamizing streets against the owners of the property fronting upon such streets, and providing that the certificate of the city engineer shall be *prima facie* evidence of the validity of the charge against the property, and of the liability of the party therein named as owner, is constitutional. The Legislature has power to provide a summary mode of collecting such taxes, and may declare what evidence shall be sufficient to show a *prima facie* case for the plaintiff.

2. *Courts—Jurisdiction.*—By the act of February 18, 1859, (Laws 1859, p. 487, § 4,) repealed by act of January 24, 1864, (Laws 1863-4, p. 307,) the St. Louis Circuit and Common Pleas Courts had concurrent jurisdiction with the St. Louis Land Court in all suits relating to lands, except those for the direct recovery of the possession of real estate.

*Appeal from St. Louis Circuit Court.*

The petition alleges, 1. That the defendant is the owner and in possession of a certain lot particularly described. 2. That the City of St. Louis, by authority of ordinance 4517, (not set out nor described or cited in any way,) contracted with said Lohrum for the macadamizing of a street, for the improvement of said street, in front of and adjoining defendant's property. 3. That said Lohrum performed said work

in a skillful manner in accordance with his contract. 4. That said work, under laws then existing, was chargeable to the property adjoining and in the vicinity thereof. 5. That the city engineer had charge of said work, and when the same was fully completed, computed the cost thereof, and assessed it as a special tax against the adjoining property fronting on said work; also charging each lot of ground in proportion to the frontage thereof with the cost of constructing, reconstructing and repairing the intersections of the next adjoining streets, alleys and other public highways in a manner by said officer deemed just and equitable. 6. That the just proportion of said work assessed as aforesaid and chargeable to the property of the defendant was the sum of $153.49. 7. That the city engineer, being the officer in charge of said work, made out a certified bill of his assessment for each lot against the owner thereof, and a certified bill for the said sum of $153.49 against the defendant as owner of the lot described, and delivered the same to the said John Lohrum, which is filed with the petition. 8. That by force of premises said bill became a lien and has not been paid.

The petition concludes with a prayer for judgment, with fifteen per cent. damages, the penalty provided by the act; and also prays that said judgment be made a special lien on the property.

The answer puts in issue every material allegation of the petition. Upon the trial the only evidence offered by the the plaintiff was to prove the signatures of the city engineer and tax clerk to the certificate dated February 18, 1861; also that the city engineer had charge of all the work of the kind specified in said certificate, and read said certificate in evidence. The defendant duly objected and excepted to the admission of the certificate. This was all the evidence heard in the cause. The defendant upon this evidence asked the court to declare " that upon all the evidence offered by the plaintiff and heard in the case, he was not entitled to recover in this action against the plaintiff." The court refused the instruction, and the defendant excepted. The plaintiff filed a

4—VOL. XXXVII.

motion for a new trial ; also filed a motion in arrest of judgment, for these reasons: 1. Because no* cause of action against the defendant is stated in the plaintiff's petition ; 2. Because, upon the pleadings and proof in the case, the plaintiff is not entitled to judgment as rendered by the court.

*Krum & Decker*, for appellant.

I. The instruction asked by the defendant should have been given, and its refusal was error. This instruction is tantamount to a demurrer to the evidence. It admits every fact and every conclusion that legitimately can be drawn from the facts established in evidence in the case. The whole evidence does not make a case against the defendant.

Admitting, for the purpose of the argument, that the petition states a cause of action against the defendant, yet the evidence adduced does not prove the case stated. The material averments which constitute the gist of the action, as stated in the petition, are that the defendant owned the real estate fronting on the street mentioned ; that under the authority of ordinance 4517, the City of St. Louis contracted with John Lohrum to furnish the materials and do the work in question, and that he furnished the same, and that the city engineer computed the cost of said work, and certified the amount thereof in the form of the certificate mentioned, &c., &c. These material averments are traversed by the answer. The plaintiff relied on the force and effect of the engineer's certificate. By statute it is made *prima facie* evidence of the validity of the charge.

The city engineer can only make a certificate of this kind in a case where authority is given by the city council to make a contract for materials and labor, &c., and a contract is made in pursuance of such authority. In this case the plaintiff did not produce in evidence the authority to make the contract in question, nor the contract itself. Upon the existence of these depended the authority of the city engineer to make the certificate in question. The existence of

the alleged contract and the authority to make it cannot be presumed, but must be proved.

II. It cannot be claimed that it is *prima facie* evidence of anything not stated in the certificate itself. At best, it can only be claimed that it is *prima facie* evidence of the facts stated in the certificate. It does not state that defendant is the owner of the property.

The Circuit Court of St. Louis county has no jurisdiction in cases of this kind. This is a suit to enforce a lien upon real estate—this is patent on the face of the plaintiff's petition. The St. Louis Land Court has exclusive jurisdiction in such cases. (R. C. 1855, p. 1592.)

*Wœrner*, for respondent.

I. There was no error in refusing defendant's instructions. The bill given in evidence states: 1. That the defendant is owner of the property therein described. 2. That certain work, also described, was done by John Lohrum. 3. That this work was done under authority, or ordinance. 4. Under contract with the City of St. Louis. 5. That the cost of said work was chargeable to the property described in the bill. 6. That the charge for said work is correct, and due by defendant to said Lohrum.

The signatures of the city engineer and of the special tax clerk to the bill were proved on the trial, and defendant admits that it is evidence of the facts stated in it. How can it be claimed, then, that in the absence of any rebutting proof, the material averments are not sustained by it?

II. The statute cited by defendant provides that " the cost of paving, macadamizing, &c., all streets, &c., in the city of St. Louis, which, under existing laws, is chargeable to the property adjoining or in the vicinity of such work, shall be charged and collected as therein provided." Section 1 of " An act supplementary to the several acts to incorporate the City of St. Louis," approved March 5, 1855, (p. 179 of Rev. Ord. 1861,) provides that " the cost of grading, paving, &c., of any street, or portions of any street, &c., shall be borne by

the owners of the adjoining property." Section 2 of the first-mentioned act (Rev. Ord. 1861, p. 227) provides that "the city engineer, or other officer having charge of such work, shall compute the cost thereof, and assess it as a special tax upon the adjoining property fronting upon the work done," &c.; "the said officer shall then make out a certified bill of such assessment against such lot of ground, chargeable with the work done, in the name of the owner thereof; said certified bill shall be delivered to the contractor for the work, who shall proceed to collect the same by ordinary process of law," &c.; "and each certified bill shall be a lien against the lot of ground described therein, and shall bear interest," &c., * * * "and if not paid within six months after the date of its issue, it shall bear interest at the rate of fifteen per centum per annum," &c.

Until the contrary is proved, it would appear undeniable that the person named in the bill as the owner of the property is liable to the person therein named as having done the work for the amount thereof, with the amount of interest fixed by statute in such case.

HOLMES, Judge, delivered the opinion of the court.

The petition which was filed in the St. Louis Circuit Court on the first day of August, 1860, appears to have stated all the facts which were necessary to constitute a cause of action against the defendant, founded upon the special tax bill. The answer specifically denied all the material allegations. The plaintiffs proved that the city engineer had charge of all work of the kind specified in the certified tax bill. He then read the certified bill in evidence, the defence, and excepting, and closed his case. The defendant asked the court to instruct the jury to find for the defendant. The instruction was refused, and there was a verdict and judgment for the plaintiff.

The statute provides (act of January 16, 1860, § 2) that every such certified bill shall, in any action brought to recover the amount thereof, be *prima facie* evidence of the validity of

the charge against the property therein described, and of the liability of the person therein named as the owner of such property. The certified bill is then made presumptive evidence of all the facts necessary to make it a valid charge against the property, and of the fact that the person therein named as owner is liable as such owner of the property for all the purposes of the suit; and the burden of proof is thereby thrown upon the defendant to rebut such presumption or *prima facie* case of liability. There can be no doubt of the power of the Legislature to provide a summary mode of levying and collecting such taxes, nor that they may declare what evidence shall be sufficient to show a *prima facie* case for the plaintiff. The court had jurisdiction of the parties and of the subject-matter of the action, and the judgment is certainly binding on them. Of course, no person or owner who has not been brought within the jurisdiction of the court as a party, can be bound by the proceedings and judgment. (Black. Tax Tit., 2d ed., 25, 184.)

The point is raised on motion in arrest that the St. Louis Land Court had exclusive jurisdiction of all actions "for enforcing any right, claim, demand, or lien, to or upon" real estate. This would have been so under the act establishing that court, (R. C. 1855, p. 1592, § 2,) but the act of February 18, 1859, (Laws of 1859, p. 457, § 4,) gave the Circuit Court and Court of Common Pleas of St. Louis county concurrent jurisdiction with the St. Louis Land Court "in all suits and actions, except those for the direct recovery of the possession of real estate"; and this act was not repealed until the 26th day of January, 1864, (Laws of 1863-4, p. 307,) and the record showed that the whole proceedings and judgment in this case took place during the period of time in which the St. Louis Circuit Court had jurisdiction of such cases.

We think the plaintiff was entitled to recover on the case made, and that the defendant's instruction was correctly refused.

Judgment affirmed. Judge Wagner concurs; Judge Lovelace absent.