CITY OF ST. LOUIS TO USE JOHN STADLER AND GEORGE J. DECKER, Respondents, *v.* DAVID H. ARMSTRONG, Appellant.

38    29
64a  263
38    29
137  560

1. *Revenue—Special Tax—Evidence.*—The special tax bill issued by the city engineer of the City of St. Louis under the provisions of the act of January 16, 1860 (Sess. Acts 1859-60, p. 382), is *prima facie* evidence of the liability of the party named therein as liable to pay the tax—City to use, &c., v. Coons, 37 Mo. 44.

1. *Revenue—Damages—Evidence* —In the absence of any proof upon the subject, it will be presumed that a special tax bill was delivered to the contractor on the day of its date.

## *Appeal from St. Louis Circuit Court.*

This was an action on a special tax bill brought under an act of the General Assembly of 1857. The petition alleged that the defendant was the owner of a certain lot of land in St. Louis; that, under city ordinance No. 4638, Stadler and Decker contracted with the city to do certain macadamizing on Devolsey street, in front of the defendant's lot; that, in pursuance of said contract, said Stadler and Decker did the work and labor, and furnished the materials, " as will fully appear by reference to certificate filed with the petition; " that the amount of said work was assessed as a special tax against said property; and by virtue of sections 1 and 2 of an act supplemental to the several acts incorporating the City of St. Louis, approved January 16, 1860, the defendant is made directly liable to said Decker and Stadler for the same, and that the city engineer issued his certificate, &c.

Plaintiffs prayed for a general judgment against defendant, and not for any special lien against the property.

The answer put in issue the ownership of the property by defendant, as well as all the other allegations of the petition.

The issues made were tried before a jury.

The plaintiffs offered in evidence the tax bill. The defendant objected to the admission of the same in evidence, for the reason that the facts therein certified to ought to be pro-

3—VOL. XXXVIII.

ven *aliunde*. The court overruled the objection, admitted the certificate, and defendant duly excepted.

The plaintiffs called the city engineer, who stated that he had signed the said tax bill, and that Mr. Meysenberg was special tax clerk; that Stadler and Decker were partners; that the tax bill was issued to them for work done on Devolsey street, which was done under a contract made by them with the city for grading and macadamizing Devolsey street. The contract was also read in evidence. The city engineer also said they did the work in question in this suit at the prices named in said contract, and that the amount charged in the tax bill is the just proportion due on the property described therein.

Plaintiffs then read in evidence ordinance 4638.

The defendant gave evidence tending to prove that the street on which the work in question was done is called and known as Victor street, and rested.

Plaintiffs, in rebuttal, gave evidence tending to rebut defendant's testimony, and this was all the evidence heard.

On motion of plaintiffs, the court gave these instructions, to which defendant duly excepted:

1. The court instructs the jury, that the special tax bill offered in evidence is *prima facie* evidence of the plaintiffs' right to recover, and the amount that they ought to recover; and the *onus* lies upon the defendant to show by evidence that he is not liable, or that the plaintiffs should recover a portion only of the amount claimed.

2. The fact that the street designated in the ordinance as Devolsey street, is known also as Victor street, does not interfere with the plaintiffs' right to recover, if the jury believe and find them to be one and the same street.

3. If the jury believe, and find from the evidence, that the property described in the special tax bill adjoins a street called Devolsey street, the fact that said street, or some parts thereof, is called Victor street, will not interfere with the plaintiffs' right to recover in this case.

4. If the jury find for the plaintiffs, they will give them interest from the 6th day of January, 1861, at the rate of fifteen per cent. per annum.

The following instructions asked by defendant were refused, and the defendant duly excepted:

1. Upon the whole evidence offered by the plaintiffs, and heard in this case, they cannot recover against defendant.

2. If the jury find from the evidence that the ordinance 4638 required that the macadamizing auth-rized to be done by said ordinance should be 25 feet wide, and if the macadamizing done by plaintiffs was only 20 feet wide, they cannot recover.

Other instructions were also refused; the following only were given:

1. Unless the jury find from the evidence that the defendant's property adjoins the south line of Devolsey street, they should find for the defendant.

2. To entitle the plaintiffs to recover, it must appear from the evidence that the property of the defendant is adjoining and fronting the street upon which the work sued for was done, and materials sued for were used; and unless it so appears from the evidence, the jury should find for the defendant.

The jury rendered a verdict for plaintiffs, and the court thereupon rendered as well a judgment against defendant personally, as also a judgment special against the property described in the petition.

*Krum, Decker & Krum*, for appellant.

In this instance, the court declared positively that the tax bill read in evidence proved that defendant was liable; it took from the jury the very question which the defendant had a right to have their verdict on, viz., the genuineness of the paper. This court cannot undertake to decide that the tax bill was genuine. The point is well saved. It was instructing that plaintiffs had proved a "legal title," and has

been condemned by this court frequently—Bryan v. Wear, 4 Mo. 110; Thompson v. Botts, 8 Mo. 710; Garesché v. Boyce, 8 Mo. 228.

The plaintiffs were required to give some evidence of ownership—at least, that defendant was in possession; but nothing appears except the certificate. This certificate cannot be evidence of more than it purports to verify. The certificate does not state that defendant is owner of the property.

There is manifest error in the measure of damages fixed by the court in its instructions. The act provides that a bill, certified as required by the law, shall bear interest at ten per cent. per annum from thirty days after its issue to the contractors; and if not paid within six months after its issue to the contractors, it shall bear interest from the date of its issue until paid, at fifteen per cent. The issue referred to is the time of its delivery to the contractor. The court assumed that the date of the bill was necessarily the date of its delivery. This was wrong. The time of delivery is a question of fact to be left to the jury.

*C. G. Mauro*, for respondents.

The special tax bill established a *prima facie* case of ownership in Armstrong. The averment in the answer, that " he has no sufficient knowledge to form a belief if he was the owner," is not sufficient. Ownership is a fact within the positive knowledge of the defendant, and he must deny the allegation of ownership, or it stands confessed.

The law authorizes a general judgment as well as a judgment *in rem*. It has been so decided by this court, and the law expressly authorizes it. The law provides that the bill shall bear interest, &c., after the date of its issue to the contractor.

The date of the bill is *prima facie* evidence of the date of its issue. It also provides, a little further on, that it shall, if not sooner paid, bear interest at the rate of fifteen per cent.

City of St. Louis to use, &c., v. Armstrong.

per annum "from the date of its issue," &c. The date of its issue is the date of the bill.

LOVELACE, Judge, delivered the opinion of the court.

This is an action to recover a special tax bill assessed against the defendant by the city engineer, under the provisions of an act of the Legislature of the State of Missouri, approved January 16, 1860—Sess. Acts 1859–60, p. 382.

The first objection made by the defendant is that the tax certificate of the engineer was not proven; but, upon examining the evidence, it appears that the engineer himself testifies that he signed the certificate as engineer.

The second objection is to the first instruction given by the court in behalf of the plaintiffs. The court instructed the jury, that "the special tax bill offered in evidence is *prima facie* evidence of the plaintiffs' right to recover, and the amount that they ought to recover; and the *onus* lies upon the defendant to show by evidence that he is not liable, or that the plaintiffs should recover a portion only of the amount claimed." This instruction goes no further than the act on which it is based, and is in accordance with the construction of that act heretofore given by this court—St. Louis to use Carroll v. Hardy, 35 Mo. 261; City of St. Louis to use Lohrum v. Coons, 37 Mo. 44.

With regard to the third and last ground of error complained of, to-wit, the rule of damages laid down, we are unable to see that the defendant was particularly injured by it. In the absence of any proof on the subject, the presumption would be that the certificate issued, and was delivered to the plaintiffs, on the day of its date; and we cannot see how the court's assuming that fact could greatly prejudice the defendant.

The judgment is affirmed; the other judges concurring.