PHILIP F. STIFEL, Respondent, *v.* JAMES S. DOUGHERTY, Appellant.

### January 21, 1879.

In an action on a special tax-bill, under a statute which provides that the certified tax-bill shall be *primâ facie* evidence that the work and materials were done and furnished, of the prices and the amount thereof, and of the liability of the person named as owner of the land charged with such bill to pay the same, the ordinance authorizing such work must be pleaded; but its introduction in evidence is not necessary to make out plaintiff's *primâ facie* case. The tax-bill itself so far implies a valid ordinance as to shift the burden of proof.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

M. L. GRAY, for appellant: Proof of the ordinance authorizing the work was necessary. — *Cox* v. *St. Louis,*

11 Mo. 431; *Mooney* v. *Kennett*, 19 Mo. 551; *The State* v. *Odell*, 42 Mo. 210; *Sheehan* v. *Gleason*, 46 Mo. 100; *Haegele* v. *Mallinckrodt*, 46 Mo. 577; *Ruggles* v. *Collier*, 43 Mo. 553; *City* v. *Clemens*, 43 Mo. 395; *The State* v. *Hardy*, 35 Mo. 261. The tax-bill does not make out a *primá facie* case. — *Sexton* v. *Beach*, 50 Mo. 488; *Irwin* v. *Devors*, 65 Mo. 625; *Wittler* v. *Cavender*, 3 Mo. App. 580.

McGaffey & Steber, for respondent: The special tax-bill is *primá facie* evidence of the validity of the charge and the liability of the owner of the property. — *The State* v. *Hardy*, 35 Mo. 261; *City* v. *Œters*, 36 Mo. 458; *City* v. *Coons*, 37 Mo. 44; *City* v. *Armstrong*, 38 Mo. 29; *Hunt* v. *Hopkins*, 66 Mo. 102; *Neenan* v. *Smith*, 60 Mo. 292; *Seibert* v. *Allen*, 61 Mo. 482; *Ess* v. *Bouton*, 64 Mo. 105; *Prendergast* v. *Richards*, 2 Mo. App. 187; *Haegele* v. *Mallinckrodt*, 3 Mo. App. 329; *Creamer* v. *Allen*, 3 Mo. App. 548.

Hayden, J., delivered the opinion of the court.

This is an action upon a special tax-bill issued to the plaintiff by the city of St. Louis for work done in an alley bordering upon the defendant's property. The plaintiff offered in evidence the tax-bill, and the defendant objected on the ground that no ordinance authorizing the work was introduced, and, no ordinance being introduced, demurred to the evidence. This having been overruled, and judgment gone against the defendant, the question presented is whether the tax-bill alone made out a *primá facie* case which it devolved on the defendant to rebut.

The petition, in pleading the ordinance, alleged that it was passed pursuant to an act of the General Assembly, etc., being the City Charter of March 4, 1870, and set out the contract, etc., in the usual form. All its allegations were specifically denied. It is contended that without the ordinance no authority was shown to construct the alley,

and that under the pleadings the burden was on the plaintiff; that sect. 7 of art. 8 of the Charter of 1870 prescribes the mode, and directs that the ordinance shall specify the character and extent of the work, materials, etc.

The question here involved is merely as to the burden of proof. All defences are open to the defendant, and whether the tax-bill alone or the tax-bill and the ordinance are to be introduced by the plaintiff is a question of practice which depends on the decisions. The words of the statute in this case are: " Such certified bill shall in all cases be *primâ facie* evidence that the work and material charged in such bill shall have been furnished, of the execution of the work, the rates or prices, amount thereof, and of the liability of the person named as the owner of the land charged with such bill *to pay the same*." If the tax-bill is *primâ facie* evidence of the liability to pay the amount on the part of the person named as the owner, it may be fairly held that this implies a valid ordinance, without which the tax-bill-ought not to have issued. By the Charter of 1870 (sect. 17, art. 5), it is made the duty of the city engineer to take charge of all improvements, and the performance of all contracts for the same; and (sect. 14, art. 8) all special tax-bills are to be made out by him, registered, etc., and certified and delivered to the comptroller, etc. By sect. 7 of art. 8, relied on by defendant, when by ordinance the City Council order the work, it is provided that the ordinance or contract shall specify the character of the work, its extent, material, etc. In the view taken by the defendant, the contract ought also to be introduced by the plaintiff, and so the defendant contended. But in *Ess* v. *Bouton*, 64 Mo. 105, the Supreme Court of this State decided that the existence of a contract under which the work was done need not be proved; and though it appears that some ordinances were there in evidence, yet that case confirms prior decisions in which it has been held that the tax-bill makes out a *primâ facie* case. *Seibert* v. *Allen*, 61

Mo. 482; *Neenan* v. *Smith*, 60 Mo. 292; *City* v. *Armstrong*, 38 Mo. 29; *City* v. *Coons*, 37 Mo. 44; *City* v. *Œters*, 36 Mo. 456.

The defendant relies upon *Haegele* v. *Mallinckrodt*, 46 Mo. 578, where a distinction was made between an act which provides that the certified tax-bill shall be *primâ facie* evidence of the validity of the claim, and one which, like the act of 1866 (Sess. Acts 1866, p. 296), provides that the bill " shall be *primâ facie* evidence that the work and materials charged in such bill have been furnished, and of the liability of the person therein named as the owner of such property." But in *Haegele* v. *Mallinckrodt* the only ordinance which was pleaded had been decided in *Sheehan* v. *Gleason*, 46 Mo. 100, to be void. No ordinance, therefore, was pleaded; and that the ordinance must be pleaded by the plaintiff there is no doubt. *Hunt* v. *Hopkins*, 66 Mo. 98. The question is whether the tax-bill does not so far imply a valid ordinance as to shift the burden of proof; and this the later cases seem to hold. The current of decisions above quoted must be taken as indicating the correct rule, and as overcoming the unnecessary remark in *Haegele* v. *Mallinckrodt*. In some cases there is a slight difference in the language of the acts declaring what the tax-bills shall be *primâ facie* evidence of; but as there is no reason for any difference in legal effect, the difference of phraseology may be presumed to be accidental. It is not easy to see why the words " validity of the claim" should imply more than liability to pay. There could be no liability to pay if the claim were not valid, and, *vice versa*, no validity without liability. Liability certainly ought in a court of justice to imply " validity of the claim."

The judgment is affirmed, with the concurrence of all the judges.