AUGUST EYERMANN, Respondent, *v.* HENRY BLAKESLY ET AL., Appellants.

June 15, 1880.

1. The provisions of the St. Louis City Charter of 1876 making special tax-bills *prima facie* evidence are substantially the same as those of the Charter of 1870.

2. It is not essential to the establishment of a district sewer under sect. 22, Art. VI., of the Charter of 1876, that it connect with a technically public sewer.

3. It is not essential to the validity of a special tax-bill for sewer-work that all the items of the work be let in separate contracts.

4. The passage of the ordinance, with the recommendations of the board of public improvements indorsed thereon, is evidence that the work charged for in the bill was necessary.

5. The rate of interest which special tax-bills shall bear was prescribed by the freeholders as a penalty; and this they had the right to do.

Appeal from the St. Louis Circuit Court, Thayer, J.
*Affirmed.*

M. McKeag, for the appellants.

T. J. Cornelius, for the respondent.

Hayden, J., delivered the opinion of the court.

This is an action on special tax-bills issued for the con-struction of a district sewer in Sidney Street Sewer-Dis-trict No. 3, in the city of St. Louis, under a contract with the city. The answer set up various defences, which, so far as necessary, are noticed below. The plaintiff offered in evidence the special tax-bills, the signatures to which were admitted. There was a demurrer to the evidence ; and it is contended that, as this work was done under the present City Charter, the tax-bills were not *prima facie* evidence. But the provisions of sect. 25 of Art. VI. of the Charter are, in effect, the same as those of the corresponding provisions of the former Charters of the city of St. Louis, the construc-tion of which upon this point is well settled. *Stifel* v. *Dougherty*, 6 Mo. App. 441, where the previous decisions are examined. Here the special tax-bills are regular in form and the certificate is sufficient. The form of this latter is not prescribed, but the twenty-fourth section of the sixth ar-ticle of the present Charter corresponds in its requirements to the fourteenth section of the eighth article of the Charter of 1870. No further statements are required than under the latter section. It is complained that the president of the board of public improvements certifies that the board as-sessed the cost of the sewers in the district upon the property-owners, — but there is no error in this, — while the tax-bill itself shows that the amount chargeable was assessed against each lot of ground in the name of the owner. The total area of square feet in the district is shown, the area of square feet in each lot, the total cost of the sewer, and the rate per one hundred square feet. No error appears in the method, or in the assessment itself.

It is complained that ordinance 10,720, under which the sewer was constructed, is void because the restrictions and conditions of the twenty-second section of the sixth article of the present Charter were not complied with, and that the construction of the sewer was not in accordance with the provision of the Charter requiring district sewers to be connected with a public sewer or with some natural course of drainage. The twenty-second section of the sixth article provides that " district sewers shall be established within the limits of districts, to be prescribed by ordinance, as approved by the board of public improvements, and so as to connect with a public sewer or some natural course of drainage." It is clear that this, and also the provisions which immediately follow, are addressed to the city authorities, and are directions to them. But if it were otherwise, it is plain that the expression " public sewer " is not here used in opposition to the term " district sewer." Suppose the case of a sewer which was originally not built as a public sewer, but as a district sewer, which was large enough to drain the whole district, and which, being skilfully designed, followed and involved the natural course of drainage : could it be reasonably contended — in face, perhaps, also, of the fact that the sewer had for years been treated as a public sewer, and repaired at the city's expense — that a technically public sewer must first be constructed in order that a necessary district sewer might be established? There was no such intent in the minds of the framers of the Charter. The paragraph must receive a reasonable construction. Here, the sewer with which the present sewer was made to connect was a large sewer, of ample capacity to drain the district. It followed the natural course of drainage, and had for a long time been treated as a public sewer, and was one for all practical purposes.

There are provisions in the City Charter on the subject of advertising for supplies in case of public works, etc. Art. VI., sect. 27 ; Art. IV., sect. 29. It appeared that all the different items composing this sewer-work were not sepa-

rately let as contracts, and that the advertisements and bids for the sewer were made accordingly. Advertisements and bids were made, not for each separate item, but for the work, specifications and forms of contract being furnished on application at the office of the sewer commissioner, as understood by the contractors. The court below properly ruled that this was sufficient, so far as the present case was concerned.

The present is not a proceeding to take private property for public use under the laws of eminent domain, and decisions applicable to such proceedings are not here in point. See *St. Louis* v. *Frank, post*, p. —. In the present class of cases, the Legislature — or, as here, the freeholders, under powers given to them by the Constitution — have made special provisions which, as has often been declared, are not in their nature contrary to the organic law of the State, and have provided that the tax-bills shall make out a *prima facie* case when they are in due form and properly certified.

The indorsement of the recommendation of the board upon the original bill or draft of the ordinance, and the written communication from the board of public improvements recommending the passage of the ordinance for the construction of the sewer, showed that the necessary preliminary action had been taken, and afforded a sufficient basis for the legislation of the Assembly. The acts of these two bodies are evidence that the sewer, as provided for, was necessary for sanitary or other purposes.

The twenty-fifth section of the sixth article, in prescribing the rate of interest which special tax-bills shall bear, prescribes the rate, not as interest, but as a penalty for failure to comply with the law: and this the freeholders had power to do under the Constitution, as the Legislature had done before.

No error was committed by the court below, and its judgment will be affimed. Judge BAKEWELL concurs; Judge LEWIS is absent.