## BUCHAN v. BROADWELL et al., Plaintiffs in Error.

1. **Practice**: CHANGE OF VENUE. On an application for a change of venue, it appeared that the same was sworn to by a nominal party to the suit; that the prejudice of the inhabitants was alleged to be against him alone, and also that a number of counter affidavits were filed, but they were not preserved in the record; *held,* that under these facts the Supreme Court could not say that error was committed in overruling the application.

2. **Special Tax Bill**: PLEADING: EVIDENCE. The petition in this case, which was a suit to enforce the collection of special tax bills, held good and objections to offers of evidence made at the trial properly overruled.

3. ———: CHARTER OF KANSAS CITY: CONSTITUTION. Section 1, article 8, of the charter of the City of Kansas, which provides that "the common council on the petition of residents of Kansas City, who own a majority of the front feet on a street to be graded, may order the same to be graded at the expense of the property owners," is not a discrimination against non-resident owners and for that reason unconstitutional.

4. ———: JUDGMENT: INTEREST. A judgment on special tax bills held, under the charter of Kansas City, to properly bear fifteen per cent. interest.

*Appeal from Jackson Circuit Court.*—HON. TURNER A. GILL, Judge.

AFFIRMED.

*Frank Titus* for plaintiffs in error.

(1) Defendants' objection to the sufficiency of the petition should have been sustained. City ordinances, when relied on, should be pleaded. *State, etc., v. Oddle,* 42 Mo. 210; *Mooney v. Kennet,* 19 Mo. 555. (2) The evidence offered by defendants to prove that the charter and ordinances had not been complied with, and that a majority of property owners in front feet on the graded

street, who were residents of the city, did not petition for·
the work, was improperly excluded.  *Abbott v. Linden-
bower*, 42 Mo. 162;  s. c., 46 Mo. 291; *Henderson v.
Mayor*, etc., 8 Md. 352 ; *Sharp v. Speer*, 4 Hill (N.Y.) 76 ;·
*Ewart v. Davis*, 76 Mo. 129.   The defendant, Broadwell,
should have been permitted to testify.   *Quade v. Fisher*,
63 Mo. 325; *Buck v. Ashbrook*, 51 Mo. 539.   (3) Dis-
crimination against property owners non-resident in the·
city (sec. 1, art. 8, of Charter) is unconstitutional in the·
exercise of the taxing power.   2 Dill. on Mun. Corp.
(2 Ed.) secs. 592, 631 ; Cooley on Cons. Lim. (2 Ed.) 626,.
389 ; *Att'y Gen'l v.   Winnebago*, etc.,   11 Wis. 35;
*Weeks v. City of Milwaukee*, 10 Wis. 242, 258, 269;.
*O'Kane v.   Treat*, 25 Ill. 557; *Lin Sing v. Washburn*,
20 Cal. 534;   *Strauder v. West Virginia*, 100 U. S. 303;.
*Ward v. Maryland*, 12 Wall. 419 ;   The Railroad Tax
Cases, 13 Federal Reporter, 722; *County of San Mateo·
v. S. P. Ry. Co.*, 13 Fed. Rep. 145; *County of Santa Clara
v. S. P. Ry. Co.*, 18 Federal Reporter, 385 and note;.
*Craw v. Village* of *Tolono*, 96 Ill. 255.   (4) Where the
work, the payment of which is sought to be obtained by·
special assessment, is not a work of local benefit, but of
general public benefit to the city at large only, such
special assessments are not enforceable, yet the trial
court denied this to be the law.   *State ex rel. Chouteau v.
Leffingwell*, 54 Mo. 473 ; *Hammett v. Philadelphia*, 65·
Pa. St. 146; *Stuart v. Palmer*, 74 N. Y. 183 ; Cooley's·
Const. Lim., 615, 633 (4 Ed.) ;   Cooley on Taxation
(1 Ed.) 459 ; 2 Desty on Taxation, 1237.   (5) The change·
of venue should have been granted.   It was in due form
and complied with the law.   Revised Statutes, section
3729.   The application was sworn to by defendant, M.
M. Broadwell, the husband of his co-defendant, on be-
half of both.   This was sufficient.   *Walcott v. Walcott*,
32· Wis. 63 ; *Jones v. C., R. I. & P. Ry.*, 36 Iowa, 68 ;.
*Brady v. Olis*, 40 Iowa, 97 ; *Mix v Kepner*, 81 Mo. 93.
(6) The judgment bears fifteen per cent. interest, which.

is illegal. *Breuster v. Wakefield*, 22 How. 157; *Bumheisel v. Feriman*, 22 Wall. 176; *Holden v. Trust Co.*, 100 U. S. 72; *Gaillard v. Ball*, 1 Nott. & McCord, 67; *Ohio v. Frank*, 13 Cent. L. J. 55; *Ludwick v. Hentzger*, 5 Watts. & S. 51; *O'Brien v. Young*, 95 N. Y. 428. (7) That tax bill is merged in judgment and should only bear legal rate of interest. *Jameson v. Barber*, 56 Wis. 630; *Newton v. Kennerly*, 31 Ark. 626; *Robinson v. Kerney*, 2 Kan. 184; *Briggs v. Winsmith*, 30 Am. Rep. 49; *Lash v. Lambert*, 15 Minn. 416. And when tax bills are contested interest thereon is only chargeable from date of ascertainment of sum legally due. St. Joseph Hospital, 60 N. Y. 353.

*C. J. Bower* and *Karnes & Ess* for defendant in error.

(1) Local assessment for improvements is not considered as a burden, but as an equivalent, or compensation for the enhanced value which the property derives from the improvement. *Lockwood v. St. Louis*, 24 Mo. 20; *Sheehan v. The Good, etc.*, 50 Mo. 155; *City, etc., v. Allen*, 53 Mo. 54. (2) The fact that work or materials, other than that allowable under the contract, was charged for in the bill will not invalidate it, but the amount improperly charged should be deducted. *Neenan v. Smith*, 60 Mo. 292; *First Nat. Bank v. Arnoldia*, 63 Mo. 229; *First Nat. Bank v. Nelson*, 64 Mo. 418. (3) The judgment properly bore fifteen per cent. interest. Charter, section 4, article 8; *City etc., v. Allen*, 53 Mo. 44. (4) The application for a change of venue was properly overruled, as it was sworn to by M. M. Broadwell alone, who was a nominal party. *Lewis v. Dille*, 17 Mo. 64; *Huthsing v. Maus*, 36 Mo. 101; *Norvell v. Porter*, 62 Mo. 309. Where the prejudice alleged is against the inhabitants of the county, it would seem that the court ought to be allowed to hear counter affidavits.

*Bank v. Ward*, 11 Ohio, 128 ; *Boswell v. Flockheart*, 8
Leigh, 364; *State v. Mooney*, 10 Ia. 506 ; *Weeks v. State*,
31 Miss. 490. (5) The testimony sought to be elicited from
M. M. Broadwell was not concerning matters in which
he was the agent of his wife, and was, therefore, rightly
excluded. *Haerle v. Krein*, 65 Mo. 202. (6) The peti-
tion was sufficient. Each count contained more than the
charter requires. City Charter, art. 8, sec. 4. There
was nothing requiring the ordinance to be pleaded.
*City, etc., v. Hardy*, 35 Mo. 261 ; *City, etc., v. Newman*,
45 Mo. 138. (7) There was no error in the court refus-
ing to allow defendants to introduce evidence tending to
show that a majority of the resident property owners
had not signed a petition for the work. City Charter,
art. 8, sec. 8; *In re Kiernan*, 62 N. Y. 457; *People
v. City, etc.*, 21 Barb. 656 ; *Burhyte v. Shepherd*, 35 N.
Y. 238. (8) The legislature may constitutionally confer
upon municipal corporations the power to improve
streets at the expense of the adjoining proprietors.
Dillon on M. C., (3 Ed.) sec. 752 ; *Palmyra v. Morton*,
25 Mo. 593; *Egyptian Doll Co. v. Harding*, 27 Mo. 495 ;
*St. Joseph v. O'Donoghue*, 31 Mo. 345 ; *Lockwood v. St.
Louis*, 24 Mo. 21; *St. Louis v. Clemen*, 36 Mo. 467.
(9) The certified tax bill is *prima facie* evidence of the
validity of the bill, of the doing of the work, of the
furnishing of the materials charged therefor, and of the
liability of the property to the charge stated in the bill.
City Charter, art. 8, sec. 4 ; *City, etc., v. Armstrong*,
38 Mo. 33.

NORTON, J.—This suit was instituted in the circuit
court of Jackson county to enforce the collection of four
special tax bills. On the trial plaintiff obtained judg-
ment, from which defendant has prosecuted a writ of
error to this court. A great number of errors have been
assigned and we will only consider those which we deem
to be material. It is objected that the court erred in
overruling an application for change of venue based on

the alleged prejudice of the inhabitants of Jackson county. It appears from the record that the affidavit attached to the application was sworn to by William Broadwell, who was a mere formal and nominal party, and the prejudice of the inhabitants was alleged to be against him alone, and it further appears that seven or eight counter affidavits to that of Broadwell were filed, but what they contained does not appear. Under these circumstances we cannot say that error was committed in overruling the application.

Objection was also made to the introduction of any evidence under the petition, because it did not state a cause of action and did not plead the ordinance which authorized the grading of the street, for the payment of which grading the tax bills were issued. This objection was properly overruled. It is provided by section four, article eight, of the city charter, that in suits on tax bills "it shall be sufficient for the plaintiff to plead the making and issuing of the tax bill sued on, giving the date and contents thereof, an assignment thereof in case of assignment, filing the same and allege that the party or parties made defendants own or claim to own the land charged, or some estate or interest therein, as the case may be." The averments in the petition meet all the requirements of this charter provision and more, by averring that the grading of the street was done by virtue of a certain ordinance, giving its date and number.

The defendants offered evidence tending to show that a majority of resident property owners, owning a majority of front feet on the street graded had not signed the petition for grading the street. This objection was properly overruled for the reason that it is provided by section 8, article 8, of the charter that "if the common council shall in the ordinance causing to be done the work petitioned for, find and declare that the work has been petitioned for and the petition published according to law, such finding and declaration

shall be conclusive for all purposes and no special tax bill shall be affected by any defect in or objection to the petition."

The objection to the introduction of the tax bill was properly overruled. Section 4, article 8, of the charter provides that "such certified bill shall in any action thereon, be *prima facie* evidence of the validity of the bill, the doing of the work and of the furnishing of the materials therefor, and of the liability of the property to the charge stated in the bill." The assignment of the tax bills to plaintiff, as well as their execution by the city engineer, was shown. 38 Mo. 33; 35 Mo. 261; 37 Mo. 44. There is nothing in the constitutional objection made that non-resident property owners are discriminated against by section 1, article 8, of the charter, which provides that "the common council on the petition of residents of Kansas City, who own a majority of front feet on a street to be graded, may order the same to be graded at the expense of the property owners." When it is done the same rule of assessment applies to all the property whether owned by residents or non-residents. 2 Dill. on Mun. Corp., secs. 752, 802. The legislature in the exercise of its paramount control of the state could have authorized the council to have ordered the grading of streets at the expense of property owners without any petition. *Railroad Co. v. City of St. Louis*, 66 Mo. 228; *Farrar v. City of St. Louis*, 80 Mo. 379. In the case last cited, it is held in discussing the question of special assessments for street or local improvements, that the property is assessed with reference to the benefits derived from the improvement; it is a tax on the benefits rather than on the property. While the property of defendants, before the street in question was graded was valued at five hundred dollars, the evidence tended to show that after the grading of the street it was valued at $3,000.

It is also insisted that the judgment was erroneous

in that it bears fifteen per cent. interest. This point is not well taken. By section 4, article 8, of the charter, it is provided that "each tax bill shall bear interest from its issue at the rate of fifteen per cent. per annum if not paid within thirty days after the issue thereof." And when judgment is recovered on such tax bill it is provided that "the judgment shall bear interest at the same rate as the tax bill." Other objections of a like character to those we have considered are urged on our attention, but we omit notice of them farther than to say that they do not in any way affect the merits of the controversy, and as the judgment is for the right party on the whole record, it is hereby affirmed, with the concurrence of the other judges.