JOHN WAUD, Respondent, *v.* CHARLES GREEN, Appellant.

### April 15, 1879.

1. A duly certified special tax-bill makes out a *prima facie* case for the plaintiff, implies a valid ordinance, and shifts the burden of proof.

2. A special tax-bill certified by the city engineer of the city of St. Louis, July 11, 1877, is not on that account invalid, in the absence of testimony of the appointment and qualification of a street-commissioner to supersede the engineer under the new charter.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

G. A. MADILL and T. E. RALSTON, for appellant : Without proof of an ordinance authorizing the contract, the tax-bill will not support a judgment. — *Haegele* v. *Mallinckrodt*, 46 Mo. 577 ; Charter 1871, Art. VIII., sects. 7, 15 ;

Rev. Ord. 1877, pp. 99, 101 ; Sess. Acts 1866, p. 298 ; Charter 1877, p. 98.. The strict pursuance of the statutory requirement in all its substantial requirements, is a condition precedent to the validity of every local assessment. — *Sharp* v. *Spier*, 4 Hill, 76 ; *Nevins* v. *Alkin*, 36 Ind. 189 ; *Warren* v. *Grand Haven*, 30 Mich. 24 ; *Sibley* v. *Smith*, 2 Mich. 486 ; *Helbish* v. *Homer*, 58 Pa. St. 93.

BAKEWELL, J., delivered the opinion of the court.

This action was begun before a justice of the peace, on a special tax-bill. The bill is dated, " City Engineer's Office, 11th July, 1877," and is in the form used before the adoption of the charter of St. Louis now in force, and which went into effect, in contemplation of law, on October 22, 1876. It gives the name of the contractor and of the owner charged, describes the property, sets forth the character of the work and the amount due for the work, refers to the charter and ordinance under which the work was done, and is certified as follows : —

" I hereby certify that the above-mentioned work was done and the materials furnished by the above-named contractor ; that the rates or prices therefor are correctly stated ; that the aggregate cost thereof, to wit, eighty $\frac{35}{100}$ dollars, is hereby, and by law, charged and assessed as a special tax and lien upon the property above described, in favor of said contractor ; and that for the payment and discharge of the same the said Charles Green, the owner thereof, is liable, according to the provisions of the charter and ordinances of the city.

" CHARLES PFEIFFER, City Engineer.

" Registered and countersigned : E. L. ADREON, Comptroller.

" Authenticated : HENRY FLAD, President of the Board of Public Improvements."

On trial anew in the Circuit Court, the plaintiff offered in evidence the contract between the plaintiff and the city of

St. Louis under which the work was done, dated June 27, 1876, which recites that the city engineer, by virtue of authority in him vested by ordinance, and in pursuance of public advertisement, has let and awarded to the plaintiff the paving and repairing of sidewalks in St. Louis within specified limits, whenever and wherever directed by the city engineer, from July 1, 1876, to July 1, 1877. The plaintiff is to repair and pave sidewalks within the limits named, whenever directed by the city, with the materials and at the prices set out, the work to be paid by special tax-bills issued by the city engineer and certified by the comptroller. The contract provides that orders for repairing the side-walks shall be given at the city engineer's office every morning, and each order is to be carried out within twenty-four hours under a penalty of twenty-five per cent deduction. The contract is made subject to the existing city charter and ordinances, and the city engineer has the right to extend the time for the completion of the contract. The plaintiff testified that the work sued for was done under this contract. The signatures to the tax-bill were proved, and it was admitted in evidence against the defendant's objection. The measurement was proved to be correct, and it was shown that the work was done in 1877. The plaintiff also read in evidence sect. 3, art. 1, chap. 13, of the Revised Ordinances of 1871, which provides that the city engineer is required to enter into a contract in each year, for one year from July 1st, for construction and repair of sidewalks, and also provides for paying the cost by special tax-bills. No evidence was offered for the defendant. The cause was tried by the court, and there was judgment for the plaintiff. The defendant appeals.

It is contended by appellant that the tax-bill was not competent, because not certified as required by sects. 35, 41, art. 4, and sect. 24, art. 6, of the charter in force in 1877, and that the tax-bill alone would not support the judgment, without evidence of an ordinance authorizing the

contract.   If the first objection is not sustained, there is
nothing in the second; because, if this tax-bill was duly
certified, it makes out a *prima facie* case for the plaintiff,
implies a valid ordinance, and shifts the burden of proof.
*Stifel* v. *Dougherty*, 6 Mo. App. 441.

The existing charter of the city went into operation, in
contemplation of law, two months after the election of
August 22, 1876.   In point of fact, it was supposed to have
been defeated, until the decision rendered by this court in
*The State ex rel.* v. *Sutton,* on March 5, 1877.   ( 3 Mo. App.
388.')   At the time the contract between the plaintiff and
the city was made, the old charter was in force, and it was
in practical operation during the greater part of the time
through which the plaintiff's contract ran.   All existing city
officers were by the new charter continued in office until the
first Tuesday in April, 1877 (Charter, art. 16, sect. 20), and
until their successors were qualified.   Under the new char-
ter, the street-commissioner. to be appointed by the mayor,
has charge of construction and repairs of streets and alleys
(art. 4, sect. 35), and the president of the board of
public improvements has charge of public improvements
not specially provided for.   Art. 4, sect. 41.   Special
tax-bills for work contemplated by the new charter are to be
made out by the president of the board of public improve-
ments, registered in his office, certified and delivered to the
comptroller, and by him registered and countersigned, and
delivered to the party in whose favor they are issued.   They
must be authenticated by the president of the board of
public improvements, and made out and certified to him by
the head of the department under which the work is done.
art. 4, sect. 41 ; art. 6, sect. 24.

So far as we can see, this bill of July 11, 1877, was prop-
erly certified in every respect.   There is nothing in this
record from which we can know that a street-commissioner
had been appointed and qualified under the new charter at
the date of the bill, or that the city engineer was not still

the head of the department under which the work was done. The bill is authenticated by the president of the board, as the law directs, registered and countersigned as the law directs, and, so far as we can perceive, is in all respects a good and valid bill. The city engineer was the head of the department under which the work was done, at the time the contract was made. It affirmatively appears that the city engineer was the head of the same department at least until the second Tuesday of April, 1877, or during more than nine of the twelve months of the original term of the plaintiff's contract with the city, and it does not appear that he was ever superseded, or that he did not continue to be the head of the same department at the time the tax-bill was issued. Whether, if the city engineer had been replaced by the street-commissioner as head of the department for street and alley work at the time the last work under this contract was done, a tax-bill certified by the officer who was at the head of the department when the contract was made and the work mainly done would be invalid if it should appear that the same officer was not head of the same department at the time the certificate was written, it is not necessary to inquire. There is nothing in this record from which it appears that the whole of the work in the present case was not done under the officer who let out the contract and who certified the bill. On the contrary, everything appears from which it is to be presumed that Pfeiffer was the city engineer and head of the appropriate department at the date of the certificate, and the only person to certify the bill.

The judgment of the Circuit Court is affirmed. All the judges concur.