HOUSEHOLDER *et al.* v. THE CITY OF KANSAS, *Appellant,*

1. **Constitutional Law.** Prohibitory clauses in constitutions are usually self-enforcing.

2. ———: MUNICIPAL CORPORATIONS: DAMAGE TO PROPERTY: GRADING STREETS. Section 21 of article 2 of the constitution of 1875, requires no legislation to give it effect, and, under it, a city cannot change the grade of a street to the damage of a lot abutting upon it without compensation to the owner.

3. **Practice**; STATUTE: REMEDY. Wherever a statute or the organic law creates a right, but is silent as to the remedy, the party entitled to the right may resort to any common law action which will afford him adequate and appropriate means of redress.

4. **Constitutional Law**: CONSTRUCTION. A legislative construction of the constitution is not binding upon the judiciary.

*Appeal from Jackson Circuit Court.*—HON. T. A. GILL, Judge.

AFFIRMED.

*R. H. Field* for appellant.

(1) It has been repeatedly held in this state that a municipal corporation is not liable for damages resulting from a change in the grade of its streets, unless

the work was done negligently or unskilfully. *Schatt-ner v. Kansas City*, 53 Mo. 162; *Wegman v. Jeffer-son City*, 61 Mo. 55. There is no such allegation in the petition and it states no cause of action unless the action is authorized by sec. 21 of art. 2 of the constitution of 1875. (2) This provision of the constitution does not justify the action. A constitutional provision which merely announces a principle and which is not self-executing *per se* without the aid of any legislation creates no actionable liability. *Fusz v. Spaun-horst*, 67 Mo. 256; *French v. Teshemaker*, 24 Cal. 518; *Watson v. Trustees*, 21 Ohio St. 667; Cooley's Con. Lim. (5 Ed.) top p. 99. Constitutional provisions are rarely sufficient to execute themselves without the aid of legislation. It is the exception and not the general rule to find them self-executing. *Railroad v. Buchanan Co.*, 39 Mo. 485. *Bowie v. Lott*, 24 La. Ann. 214. The first test for determining whether a constitutional provision is self-executing or self-enforcing is, "is it in and of itself complete?" and a second test is, "will it operate in all instances and under all circumstances?" Authorities cited, *supra.* The provision contemplated needed legislation to make it effective. *Werth v. Springfield*, 78 Mo. 110; *People v. Supervisors*, 3 Barb. 332; Debates on Constitution, p. 83; Schedule to Constitution, § 15; Cooley's Con. Lim. (5 Ed.) 70, 71 and note to 72; Potter's Dwarris Stat. and Con. 189. If the section of the constitution cannot operate in *every instance* and under all circumstances, it would seem too clear for argument that it does not enforce itself. *Fusz v. Spaunhorst, supra; French v. Teshemaker, supra.* (3) This case is not of that class in which it can be held that because the legislature has failed to provide a remedy, that, therefore, resort to a common law action can be had. *Cole v. City of Muscatine*, 14 Ia. 296; *Heiser v. Mayor, &c.*, 29 Hun. (N. Y.) 446; *Moore v. White*, 45 Mo. 207–8: *State v. Ford*, 70 Mo. 269. (4) This section is self-executing and complete when regarded as merely prohibitive, or a limi-

tation, or as an abrogation of inconsistent laws, but no further. *Oakley v. Trustees*, 6 Paige Ch. (N. Y.) 262; *R. R. Co. v. Owings*, 15 Md. 199; *Com. v. R. R. Co.*, 29 Pa. St. 159; *Railroad Co. v. Railway Co.*, 69 Mo. 65; *Thompson v. Railroad Co.*, 3 How. (Miss.) 240; Dillon Mun. Corp. (3 Ed.) 969. It was the power granted in its charter that previously gave the city immunity from liability for changing the grade of its streets. *Wegman v. Jefferson City*, 61 Mo. 55. 'If there was was no power to make the change of grade in 1882, the city officers may be liable therefor, but not the city, because it was at that time as to the city *ultra vires*. *Rowland v. Gallatin*, 75 Mo. 134; Dillon Mun. Corp. (3 Ed.) § 89. The citizen is entitled to an injunction in this class of cases. High on Injunctions, §§ 613, 1241. (5) An act of the officers of a city is not necessarily or always its act, it is only its act when the thing done is authorized and not prohibited, and done in the prescribed mode. *St. Louis v. Clemens*, 43 Mo. 395; *Mayor, etc., Baltimore v. Porter*, 18 Md. 284; *Field v. City of Des Moines*, 39 Ia. 575–586; *Browning v. Board Commissioners*, 44 Ind. 11; *Harvey v. City of Rochester*, 35 Barb. 177. The moment the officer does a thing prohibited or without authority, or substitutes a mode different from that prescribed, his act ceases to be the act of the city and becomes his own individual act for which he alone and not the city is liable. *Cuyler v. Rochester*, 12 Wend. 165; *Thompson v. Boonville*, 61 Mo. 282; *Rowland v. Gallatin*, 75 Mo. 134.

*C. O. Tichenor* for respondent.

(1) The recovery in this case was authorized by sec. 21 of art. 2 of the constitution of 1875. It establishes the rights of the parties. It prohibits the damaging as well as the taking of private property for public use without just compensation. The prohibition is clear, concise and imperative. It contains no exceptions. Cooley's Con. Lim., pp. 55, 58, 65; *Moers v. City*, 21 Pa. 200. (2) The

right to compensation is given by the constitution and like any other right it cannot be taken away because of the failure of the legislature to pass a law. *Goldman v. Clark*, 1 Nev. 611. "The courts of justice shall be open to every person and certain remedy afforded for every injury to person, property or character, and that right and justice should be administered without sale, denial or delay." Section 10, Article 2, Const. (3) Right of action has often been given to owner damaged by change of grade simply by a section in a charter, or by a general statute, without any constitutional provision. *Stickford v. City of St. Louis*, 7 Mo. App. 218; *Pearce v. City of Milwaukee*, 18 Wis. 428; *The City v. Company*, 33 Ind. 437; *Aldrich v. Alderman*, 12 R. I. 243; *Dalzell v. City*, 12 Ia. 438. (4) The constitution and the charter must be construed together. The city had exclusive charge and control over its streets and alleys. No matter how perfect the statute might be in reference to assessing the intended damages, yet an ordinance must first be passed changing the grade. It is said that if a corporation does an act which its charter gives it the power to do in an illegal manner the act itself is *ultra vires*. Such is not the law. *Hunt v. The City*, 65 Mo. 620; *Broadwell v. The City*, 75 Mo. 213; *Welch v. The City*, 73 Mo. 71; *Hickerson v. The City*, 58 Mo. 61; *Thayer v. The City*, 19 Pick. 511; *Taylor v. City*, 25 Minn. 129; *Hempstead v. City*, 52 Ia. 306; *Rodgers v. Bradshaw*, 20 John. 744. (5) The constitutional provision in question is an exact copy of one adopted previously to ours, in the state of Illinois. It was construed before it was borrowed by us by the Supreme Court of that state; when we took the provision we took the construction along with it. *Skouton v. Wood*, 57 Mo. 380; *Stone v. R. R. R.*, 68 Ill. 394; *The C. & P. R. R. v. Francis*, 70 Ill. 239; *The City of Elgin v. Eaton*, 83 Ill. 535; *Rigney v. The City of Chicago*, 102 Ill. 64. Where the constitution forbids a damage to private property and points out no remedy, and no statute gives a remedy for the invasion of the right of

property thus secured, the common law which gives a remedy for every wrong will furnish the appropriate action for the redress of such grievances. *Johnson v. City*, 16 W. Va.; *Moore v. Atlanta*, Cent. L. Jour., April 1883, p. 272. Courts say the damages must be real and not speculative. They lay down the measure of damages as easily as this court in *Soulard v. City* or *Broadwell v. City, supra*. See, also, *Stickford v. City*, 7 Mo. App. 217; *Hempstead v. City, supra*; *Taylor v. City, supra*; *McCarthy v. St. Paul*, 22 Minn. 529. The question involved was decided in favor of plaintiffs in *Blanchard v. City of Kansas*, 16 Fed. Rep. 444; *McElroy v. The City of Kansas*, 21 Fed. Rep. 257.

HENRY, C. J.—This suit is for the recovery of damages against the City of Kansas for an alleged injury to a lot owned by plaintiff, occasioned by a change in the grade of Delaware street, in said city. Plaintiff obtained a judgment, from which the defendant has appealed.

Prior to the adoption of the constitution of 1875, the owner had no redress for such injury to his property as is here complained of, this court having held in a line of decisions unbroken, but in one instance, that it was *damnum absque injuria*. In an elaborate brief the counsel for the city has made an ingenious argument in support of the proposition that section 21, article 2, of the constitution requires legislation to give it effect. That section is as follows: "Private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners, of not less than three freeholders, in such manner as may be prescribed by law, and until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested."

Prohibitory clauses in constitutions are generally self-enforcing; twenty sections of the second article of

our constitution, including the one under consideration are prohibitory, and on examination all, or nearly all, of them will be found to effect their purpose without the aid of legislation. The things therein named are prohibited. A legislative enactment could not do more toward the invalidation of the prohibited acts. It might provide penalties for breaches of a prohibitory constitutional provision where the constitution itself provides none. For instance no act of the legislature could make it any more illegal to take money from the public treasury in aid of any church. The general assembly might impose a penalty or other punishment for the act of taking money from the public treasury, in aid of a church, but without any such legislation, the courts would, under section 7, article 2, of the constitution, hold the act illegal and the person so taking the money responsible for it. The case of *Fusz v. Spaunhorst*, 67 Mo. 256, arose under a section of the constitution which declared that it shall be a crime, the nature and punishment of which shall be prescribed by law, for any president or other officer of any banking institution to assent to the reception of deposits or the creation of debts, by such banking institution after he shall have had knowledge of the fact that it is insolvent, or in failing circumstances, and any such officer shall be individually responsible for such deposits so received and all such debts so created with his assent. Sec. 27, article 12. This court held that this section required legislation to make it effective, but the difference between this and the section upon which this action is based is obvious. The former declares that a certain act shall be a crime, but its nature and punishment were to be prescribed by law. It was therefore incomplete in that respect, and amounted to little more than an authority to the general assembly to make it a crime, for it is difficult to conceive of a crime whose nature is not defined and for which no punishment is prescribed. With regard to the last clause, imposing a personal liability upon the offi-

cer, etc., it was held incomplete because it did not de-
clare to whom the officer should be liable, and the
court seems, also, to have been impressed with the idea
that until the nature and punishment of the crime should
be declared by the legislature no civil responsibility would
be incurred, and that "both were designed to operate
together harmoniously."

Section 21, article 2, declares that "private property
shall not be taken or damaged for public use without
just compensation," and because the section, also,
declares that "such compensation shall be ascertained by
a jury or board of commissioners, etc., in such manner as
may be prescribed by law," it is contended that until the
legislature shall have provided by law for the ascertain-
ment of the compensation, none can be recovered and
the city may, with impunity, alter or change the grade
of its streets. It must be borne in mind, without a law
authorizing it, a municipal corporation cannot take
private property for public use. If its agents, by its
direction, should do so, they would be personally
liable to the owner in a civil action adapted to the case,
but, if a municipal corporation is authorized to acquire
property by purchase, condemnation or otherwise, and
proceeds to take private property in violation of the law
authorizing the acquisition, it will be liable to the owner.
*Dooley v. Kansas City*, 82 Mo. 444.

By its charter the City of Kansas has authority, by
condemnation proceedings and otherwise, to acquire and
hold property to be used as streets and alleys and to
change and alter the grades of streets. Under section 21,
the city can no more alter or change the grade of a street
to the damage of a lot abutting upon it without com-
pensation to the owner, than it can take private property
for public use without compensation to the owner. The
provision in relation to the ascertainment of such com-
pensation applies equally to the taking and damaging of
property. Will it be contended that until the legislature
shall have enacted a law prescribing a mode for the

ascertainment of the compensation to the owner, a municipal corporation can seize and appropriate his property, and that he would be without remedy against the corporation? That a city, for the purpose of repairing its streets or bridges, may enter upon the property of a citizen and cut timber and quarry stone without incurring any liability whatever? Is this important constitutional provision intended to protect the citizen in his rights of property, a dead letter, or a living principle at the pleasure of the legislature? Can the legislature, by mere inaction, nullify and set it aside? It was held in the *People v. McRoberts*, 62 Ill. 40, under a similar provision of the constitution of that state, that it operated *in præsenti* without legislative action. So in the case of *Johnson v. City of Parkersburg*, 16 W. Va. 402; in *Blanchard v. The City of Kansas*, 16 Federal Reporter 444, in which the opinion was delivered by Justice Miller of the Supreme Court of the United States and concurred in by Judges McCrary and Krekel, it was held that the section of our constitution under consideration is self-enforcing, and the same was the decision rendered by Judge Brewer in *McElroy v. City of Kansas*, 21 Federal Reporter 257.

Wherever a statute or the organic law creates a right, but is silent as to the remedy, the party entitled to the right "may resort to any common law action which will afford him adequate and appropriate means of redress." *Tapley v. Forbes*, 2 Allen 24; Addison on Torts, 49; *Knowlton v. Ackley*, 8 Cush. 97; *Stearns v. A. & St. L. Railroad Company*, 46 Me. 114. The clause of the section relates to the ascertainment of the compensation and is a provision intended to afford corporations which require private property for public use, a mode of acquiring it which, substantially observed, will enable them to get the property and exempt them from ordinary actions at law, but is no warrant for the position that if no such law be enacted they may with impunity take or damage the property of a citizen. Counsel seem to suppose that

legislation is necessary in order to determine what injuries to property are embraced by the general term "damaged," employed in that section. A legislative interpretation of the constitution is not binding on the judiciary. If the general assembly should, by enactment, declare what injuries are to be considered damages under that section, it would not be obligatory upon the courts to follow such legislative construction. The making of a constitution is but legislation; legislation, however, of the most solemn character, and if the general assembly can place a construction upon it, binding upon the courts, then it can make and unmake constitutions at its pleasure. The courts of Illinois and West Virginia in the cases above cited, and the Supreme Court of Georgia in the case of *Moore v. Atlanta*, 70 Ga. 611, seem to have had no difficulty or hesitancy in passing upon that question without legislative aid, nor do we think it presents the insuperable difficulty suggested by counsel. The judgment is affirmed. All concur.

