Keith v. Bingham, *Appellant.*

1. **Constitution:** EMINENT DOMAIN: SPECIAL TAX ASSESSMENTS. The constitution, article 2, section 21, which provides "that private property shall not be taken or damaged for public use without just compensation" and providing for mode of compensation when taken, etc., refers to the exercise of the right of eminent domain and not to special tax assessments for local improvements.

2. ———: SPECIAL TAX ASSESSMENTS. The special tax assessments are sustainable under the taxing power.

3. ———: ACTION ON SPECIAL TAX BILL. Where the taxing power has been called into action in the mode provided by law for the purpose of paying for a local improvement, such as paving or grading a street, the fact that the street or improvement did not benefit, but damaged the property sought to be charged with the tax bill, is no defense to an action on the latter.

4. **Special Tax Bill:** CITY OF KANSAS: PRESUMPTION. In an action on such special tax bill issued by the city engineer of the City of Kansas where plaintiff produced the bill in evidence, and the law required the engineer to receipt therefor to the contractor, it will be presumed that the engineer observed the law and that the receipt was given.

5. ———: ———: PRIMA FACIE EVIDENCE. Where the city charter makes the tax bills themselves *prima facie* evidence of the liability of the property to the charge stated in them, the burden is on the defendant to show that such receipt was not given.

6. ———: ———: PARTIES. Under the charter of the City of Kansas, (Laws, 1875, p. 252) relating to actions on special tax bills, the tax bill extends to such interest or estate as defendant may actually have in the land charged and it is a sufficient basis to bring a party into court as a defendant, that he makes a claim of title.

7. Evidence: POSSESSION OF LAND. Unexplained possession of land is *prima facie* evidence of title.

8. Special Tax Bill: CITY OF KANSAS: EJECTMENT FOR LAND NO DEFENSE. The pendency of an action of ejectment for the land affected by the tax lien affords no defense to an action on the tax bills,

9. ———: ———. The charter of the City of Kansas does not require that a special tax bill shall show on its face that every prerequisite step necessary to its validity has been taken. (Laws 1875, pp. 251–2.)

*Transferred from Kansas City Court of Appeals.*

AFFIRMED.

THIS is an action to enforce two special tax bills, issued under the charter of Kansas City, Missouri, for grading the roadway and sidewalks of May street in that municipality. The petition is in the usual form in such cases, demanding special judgment against certain real estate described, "claimed by defendant" and alleged to be chargeable with said bills under the city charter.

The answer, besides a general denial, contained an equitable defense (noticed more fully hereafter) as well as the following: "Defendant, for a third defense to the tax bills sued upon, states that the lot described in plaintiff's petition is now and was at all the times stated in plaintiff's petition private property. That the grading mentioned in plaintiff's petition was done for public use, and damaged and did not benefit said lot. That no compensation was made or tendered to or paid into court for any person as the owner of said lot on account of said damages. Wherefore the defendant asks

judgment." To this last defense the trial court sustained a demurrer.

The remaining issues were tried and on findings for plaintiff special judgment was rendered in due form for the amount of the tax bills to be levied upon the property described.

The form which the bills have is best shown by this copy of one of them:

"No. 24. Special tax bill for grading a street, avenue or highway, exclusive of sidewalks thereon:

"The City of Kansas,
"In the County of Jackson,
"The State of Missouri.

"I, William B. Knight, city engineer of the City of Kansas aforesaid, certify that there has been completed the work of grading May street from Sixth street to Ninth street exclusive of grading sidewalks thereon, to be done as provided by ordinance number 23,277 of the City of Kansas aforesaid, entitled (an ordinance to grade a part of May street), approved October 19, 1882. That when such work was completed I computed the cost thereof and apportioned such cost among the several lots and parcels of land to be charged therewith according to the values thereof fixed by the city assessor, according to law, and charged each lot and parcel of property with its proper share of such cost; that after so apportioning and charging the cost of such work, I made out this special tax bill according to such apportionment and charge in favor of Kansas City Grading Company, by James Lillis, superintendent, the contractor to be paid, against the following described lot or parcel of land in the City of Kansas, in said county and state, to-wit: Lot 26, block 6, Hubbard's addition to the City of Kansas; that said land has been and is charged as aforesaid with two hundred and sixty-eight and twenty-six one-hundredths dollars ($268.26), its proper share of such costs, which sum if not paid in thirty days after the issue hereof

shall bear interest from the issue hereof at the rate of fifteen per cent. per annum.

"The work so completed consisted of 3,242.5 cubic yards of rock excavation, costing $2,107.63, and 24,827 cubic yards of earthwork and furnishing materials therefor, costing $4,934.37, making the total cost for the grading of said street between the points as above named $7,042, and said lot or parcel of land against which this special tax bill is issued is charged as aforesaid for the 268.27–7042.00 part of such work, materials and total costs.

"I certify this special tax bill to be correct, this twentieth day of July, 1883.

"WILLIAM B. KNIGHT,
"City Engineer of the City of Kansas."

And endorsed on the back thereof the following:

"Special tax bill. For street registered number 24. For $268.26. Volume 5, page 420, in city engineer's office.

"Issued July 26, 1883, by city engineer.

"Assignment — February 5, 1884. For value received this special tax bill and the lien thereof is hereby assigned to Richard H. Keith, and he is authorized to sign the name of the Kansas City Grading Company to the receipt.

"KANSAS CITY GRADING COMPANY,
"By JAMES LILLIS, Superintendent."

After the usual steps therefor, defendant appealed to the Kansas City court of appeals. That court sent the case here because a constitutional question was raised and discussed by counsel. The other essential facts appear in the course of the opinion.

*Wash. Adams* and *R. H. Field* for appellant.

(1) A special tax bill is an *in invitum* charge upon real property created by certain and specified acts on the part of the municipality, and it can have no validity

unless each prescribed step to authorize its issuance and existence as a charge against private property has been observed. In other words, there can be imparted no validity to a tax bill issued for work done not in compliance with law, or in positive violation of law. *Mayor v. Porter*, 18 Md. 284; *Welker v. Porter*, 18 Ohio St. 85; *Pound v. Supervisors*, 43 Wis. 63; *Sewall v. St. Paul*, 20 Minn. 519–520; *Nalter v. Blake*, 56 Ind. 127, 128; *Kiley v. Oppenheimer*, 55 Mo. 375 and 376, and cases cited; *Hager v. City of Burlington*, 42 Ia. 661; *Fulton v. City of Lincoln*, 9 Neb. 358; *Kneeland v. City of Milwaukee*, 18 Wis. 411. (2) The third defense set up in defendant's answer was sufficient. *Householder v. City of Kansas*, 83 Mo. 488; *McElroy v. City of Kansas*, 21 Fed. Rep. 257; *County Com. v. Humphrey*, 47 Ga. 565; *Moses v. Dock Co.*, 84 Mo. 242; *Cuyhe v. Rochester*, 12 Wend. 165; *Mayor v. Porter*, 18 Md. 284; · *City of Kansas v. Swope*, 79 Mo. 448; *City of St. Louis v. Clemens*, 43 Mo. 393; *Kiley v. Oppenheimer*, 55 Mo. 375. (3) In a suit upon an *ex parte* charge for opening or grading a street, the fact of no benefit to the property is a complete defense to the charge. *Stafford v. Hamston*, 2 Brod. & Bingh. 691; *St. Louis v. Richeson*, 76 Mo. 486–7; *Matter of Fourth Ave.*, 3 Wend. 452; *Morford v. Unges*, 8 La. 92; *Bradshaw v. Omaha*, 1 Neb. 16; *Tidewater Co. v. Coster*, 18 N. J. Eq. 527. The charter makes the tax bill only *prima facie* evidence. Laws, 1875, page 252, sec. 4. If the charter had made it conclusive, instead of *prima facie*, it would have been unconstitutional. *St. Louis v. Richeson, supra.* To make a citizen pay for improvements, when they are no benefit to him, is unreasonable and highly oppressive. An ordinance to this effect was held void. *Corrigan v. Gage*, 68 Mo. 541; see, also, authorities *supra.* (4) The alleged tax bills could not be liens in any event unless the contractor receipted for them, as required by the Kansas City charter. Laws, 1875, pp.

251, 252; secs. 3 and 4. (5) The city has no general authority to issue special tax bills, but only a naked authority to issue them for defined purposes. *Yankee v. Thompson*, 51 Mo. 237; *State, etc., v. Jersey City*, 2 Dutcher [N. J.] 444; *State, etc., v. Mayor*, 35 N. J. L. 381.

*Bryant & Holmes* for respondent.

(1) The tax bills were *prima facie* valid and the burden was cast on defendant to overcome this *prima facie* case. Laws, 1875, p. 252; *Buchan v. Broadwell*, 3 West. Rep. 827. (2) And this *prima facie* character of the tax bills raises the presumption that the contractor duly receipted for them. *Stifel v. Dougherty*, 6 Mo. App. 441; *Wand v. Green*, 7 Mo. App. 82; *City v. Armstrong*, 38 Mo. 29; *Neenan v. Smith*, 60 Mo. 292; *Seibert v. Allen*, 61 Mo. 482; *Ess v. Bouton*, 64 Mo. 105. (3) The tax bill sued on was issued in the form required by the charter. (4) The answer shows that defendant has an interest in the lot in question. (5) The third defense set up in the answer does not aver that defendant owned or had any interest in the lot in question. (6) While special taxes are based on the idea of benefits, the question of benefits is purely legislative, determinable by the legislature in the exercise of the sovereign taxing power, and is one with which the courts have nothing to do. Cooley on Taxation [1 Ed.] pp. 416, *et seq.*, and pp. 420, 430, 450, 452; 2 Dillon on M. C. [3 Ed.] sec. 752; *Farrar v. St. Louis*, 80 Mo. 379; *Levee Co. v. Hardin*, 27 Mo. 495; *Garrett v. St. Louis*, 25 Mo. 505; *City v. O'Donoghue*, 31 Mo. 345.

BARCLAY, J.—I. We will first consider the ruling of the trial court on the demurrer to the third defense, as what may be said on that branch of the case may, possibly, abbreviate the discussion on other points.

It is claimed by defendant that the tax bills in suit were issued in violation of that section of the constitution which declares "that private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be prescribed by law; and until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed." Const. 1875, art. 2, sec. 21.

Looking at this defense from the most favorable standpoint, it is evident that it is untenable. The section of the constitution just quoted refers to, and is intended to regulate, the exercise of the right of eminent domain, whereas special assessments for local improvements, such as the tax bills before us, are referable to, and sustainable under the taxing power. This distinction is well recognized both here and elsewhere in the United States. *Garrett v. St. Louis* (1857), 25 Mo. 505; Lewis on Eminent Domain, sec. 5. If the taxing power has been called into play in the mode required by law for the purpose of paying for a local improvement, such as paving or grading a street, it is no defense to a bill issued therefor to say, as is said here, that the street, or the improvement, damaged and did not benefit the property, though, if such were the fact, the party injured might have his action (on a proper showing) under the constitution for such injury. *Householder v. City of Kansas*, 83 Mo. 488. If the city had invoked the power of eminent domain unlawfully in the premises, it could be held accountable therefor, but that would not interfere with the collection of the special tax bill for an improvement regularly made under the taxing power. The right of action which a person might thus have against the municipality would constitute no just defense to the claim of the contractor who had made the improvement and to whom, under the law in question here, the tax assessment is payable.

The nature of these special taxes has been already so fully explained by judicial decisions in this state that little that would be new could now be added.

As in other applications of the taxing power it is not always possible to establish a scheme of assessment which shall bear with absolute uniformity on all property subject to the tax. Much latitude of discretion in exercising that power belongs to the legislative department and the courts will not interfere with it unless there is some manifest abuse which is not claimed in this case.

The third defense in the answer is otherwise insufficient. It does not allege that defendant was the owner of the land when it was damaged as claimed. In the absence of such an allegation no defense would exist even under defendant's theory of the purport of the constitutional provision relied upon. We have recently held that such damages are a personal claim of the owner of the property at the time of the injury, and that they do not run with the land. *Hilton v. St. Louis*, 99 Mo. 199. Hence, in any view taken of the answer, the ruling of the trial court on the demurrer to it was correct.

II. Defendant next contends that the tax bills could not be liens in any event unless the contractor had receipted for them as required by the city charter. There was no evidence that such receipt was, or was not, given. But plaintiff produced the tax bills in evidence, and the law required the city engineer to take such receipt from the contractor before delivering the bills. In the absence of any contrary showing, it would be presumed that the city engineer acted rightfully in the premises and that the receipt was, therefore, given.

Apart from that, the bills themselves are made *prima facie* evidence of the liability of the property to the charge stated in them. Sess. Acts, 1875, p.

252, sec. 4, art. 8. The burden was, hence, on defendant to prove that such receipt was not given. No such proof was offered.

III. The assignment of error next calling for notice is that based on the assumption that defendant is not the owner of the land against which these special taxes are a charge. If this be so, she cannot be prejudiced by any judgment in the cause for the reason that it can only be levied on the property described. But she evidently claims an interest in it and the city charter declares that "it shall be sufficient for the plaintiff to allege that the party or parties, made defendants, own or claim to own the land charged or some estate or interest therein as the case may be. Sess. Acts, 1875, p. 252. The legislative intent in that enactment is clear enough. It is to permit the tax bill to reach and hold such interest or estate as defendant may actually have, and to make a claim of title a sufficient basis to bring a party into court as a defendant. By a stipulation in the cause it was, furthermore, conceded that defendant was in possession of the property and, unexplained, possession is *prima facie* evidence of title.

IV. The equitable defense set up in the answer seeks to obtain relief against the prosecution of this action, because of the pendency of an ejectment suit (for the land affected by the tax bills) between defendant and a corporation of which plaintiff is president and manager. This is obviously no defense in view of what has been already said in this opinion. Only such interest or estate as defendant actually owns can be charged with the lien of the bills and the pendency of an action to try the title affords no reason to stay the enforcement of a special tax suit against such interest or estate on the facts here disclosed, under the charter of Kansas City.

V. It is not necessary that each tax bill should show on its face, as defendant claims, that every prerequisite step necessary to its validity has been taken.

The law does not require that. The charter declares on this point that "the city engineer shall, after so apportioning and charging the cost of any work, make out and certify special tax bills according to such apportionment and charge * * * against the several lots or parcels of land charged. * * * Each tax bill shall contain a description of the lot or parcel of lands against which it is issued, full and correct enough to identify the same. * * * No such tax bill need give the name of any party owning or interested in the land charged and bound by lien." Charter, art. 8, secs. 3 and 4; Laws, 1875, pp. 251, 252.

All that need be said further on this point is that we regard the tax bills before us as complying with the law in so far as concerns any objection that has been called to our attention. No other assignments of error seem to require discussion.

All the judges concurring, the judgment is affirmed.