CITY OF SPRINGFIELD to the use of SETH TUTTLE, Respondent, v. JAMES BAKER, Appellant.

St. Louis Court of Appeals, March 5, 1894.

1. **Special Taxes**: APPLICABILITY OF SECTION 21 OF BILL OF RIGHTS. Section 21 of the bill of rights, prohibiting the taking of private property for public uses without compensation, relates to the exercise of the right of eminent domain, and has no application to special taxes for local improvements; it cannot, therefore, furnish a defense to a proceeding for the enforcement of such a tax.

2. ————: EFFECT OF STATUTE FOR COMPENSATION FOR CHANGE OF GRADE. In like manner, the failure of a municipal corporation to provide compensation for a change in the grade of one of its streets will not furnish a defense to the enforcement of a special tax bill for the improvement of such street. All the more is this true, when the owner of the land sought to be charged has recovered judgment against the municipal corporation for damages for such change of grade.

3. ————: EFFECT OF SPECIAL TAX BILL AS EVIDENCE. A special tax bill is under the statute *prima facie* evidence that all the prerequisites to the issuance of it have been complied with.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*James Baker* for appellant.

*Sebree & Tatlow* for respondent.

The constitutional provisions relied upon by appellant as prohibiting a change in the grade of streets, and thereby preventing collection of the special tax assessment for improvements made on the grade as changed, when he can show the change of the grade to have damaged him more than the cost of improvement,

have no reference whatever to special tax assessments for local improvements, but refer to the exercise of the right of eminent domain, as has been expressly held by the highest and last court in this state, as well as many others. *Keeth v. Bingham*, 100 Mo. 300-309; *Garrett v. St. Louis*, 25 Mo. 505.

BOND, J.—This is an action on a special tax bill for $109.33 for curbing and guttering a street in front of defendant's lot. The defense was, that in the year 1880 the city council, by ordinance, changed the grade of said street, and established a grade two feet above the former grade, whereby water was caused to flow upon the front of defendant's lot, thereby damaging the same and compelling defendant to fill in the front and middle part of said lot, and to raise his dwelling two feet higher than it had formerly been; that in 1889 the said counsel again changed the grade of said street in front of defendant's lot by raising it twenty inches higher than the former grade, thereby causing material damage to defendant; that this act of the city council was in violation of section 21 of article 2 of the constitution in this, that the city council caused the grade to be raised and the curbing and guttering to be constructed (for which the special tax bill was issued) without having the damages ascertained or paid or tendered to respondent.

The cause was tried upon the following admissions made by the parties:

"It is admitted by the parties to this suit, for the purpose of the trial thereof, that the city of Springfield now is, and was at the date of the tax bill sued on and work done as set forth therein, a city existing under the law as a city of the third class; that the work and improvement, for which said tax bill was issued, was done in a workmanlike manner; that said city did, by

an ordinance duly enacted, approved July 20, 1880, establish the grade of East Walnut street in front of the property against which said tax bill was assessed; that afterwards, to-wit, on the sixteenth day of May, 1889, the city council of said city, by an ordinance duly enacted, materially changed the grade of said street in front of said property, so as to raise said street and sidewalk about fifteen inches above the former grade and the surface of the front part of said lot; that the work in question was done upon the new grade against the protest of said defendant, and without ascertaining or paying to him the damage thereby caused to said property; that the proceedings, ordinances, resolutions and so forth, of the city council in authorizing said work and in the issuance of said tax bill are in all other respects in due form of law, and regular on their faces, and that plaintiff is, and was at the commencement of this suit, the owner thereof.

"It is further admitted that said defendant sued the city of Springfield, in the circuit court of the United States, for damages caused by reason of the change of grade of said street, and in May last recovered $100 damages; that, in assessing the damages, the jury were instructed by the court that the measure of damages was the difference between the value of the property as it was before and after said work was done; that said judgment is still in full force and effect.

"But it is further understood and agreed that each party reserves to himself the right to object to any or all of the above admissions as not being competent, relevant or material to the issues in this case."

The court sitting as a jury, against the objection of defendant, declared the law to be that judgment must be for plaintiff, and thereupon entered judgment in plaintiff's favor for the amount of the tax bill. After the overruling of his motion for a new trial, the

defendant took an appeal to this court, and he assigns for error:  *First*.  That appellant's lot was greatly damaged by the change of grade, and that the special tax bill issued thereon was in violation of the twenty-first section of article 2 of the constitution of Missouri.  *Second*.  That the statutes of the state do not authorize special taxes for changing of the grade of the streets, until the damages of adjacent property holders have been ascertained and paid.

The first assignment of error is without any merit. The supreme court has expressly held that a defense based on the constitutional provision is inapplicable in a case like the present, using the following language:

"The section of the constitution just quoted refers to, and is intended to regulate, the exercise of the right of eminent domain, whereas special assessments for local improvements, such as tax bills before us, are referable to, and sustainable under, the taxing power. This distinction is well recognized both here and elsewhere in the United States.  *Garrett v. St. Louis* (1857), 25 Mo. 505; Lewis on Eminent Domain, section 5.  If the taxing power has been called into play in the mode required by law for the purpose of paying for a local improvment, such as paying or grading a street, it is no defense to a bill issued therefor to say, as is said here, that the street, or the improvement, damaged and did not benefit the property, though, if such were the fact, the party injured might have his action (on a proper showing) under the constitution for such injury.  *Householder v. City of Kansas*, 83 Mo. 488.  If the city had invoked the power of eminent domain unlawfully in the premises, it could be held accountable therefor, but that would not interfere with the collection of the special tax bill for an improvement regularly made under the taxing power.  The right of action which a person might thus have against the

municipality would constitute no just defense to the claim of the contractor who had made the improvement and to whom, under the law in question here, the tax assessment is payable.'' *Keith v. Bingham*, 100 Mo. 306.

We do not see, therefore, how the record in this case raises any question of constitutional construction.

Nor do we think the second assignment is tenable. It is true the statute provides that, when a change of grade is made, compensation should be given to persons owning real estate who may be damaged by such change of grade. But in the authority cited, *supra*, it is held by the supreme court that the fact of liability on the part of a municipality for damages occasioned by a change of grade is no defense to an action brought by the contractor on the special tax bill, although it may entitle the party damaged to his action against the city.

In the agreed facts it is shown that appellant has heretofore brought his action for damages caused by the change of grade in question, and has recovered damages therefor. It is clear, therefore, that he is estopped from relying on this defense to the present action.

Appellant also makes the point that the city of Springfield had no power to issue this special tax bill for curbing and guttering, until the street had been *brought to grade*, and that the assessment for *bringing to grade* should have been made on *all* general property within the city limits before an assessment could be made against adjoining property for curbing and guttering.

There is nothing in this record to show that the city of Springfield has omitted to assess a general tax for changing of grade, before it issued the special tax bill for the curbing and guttering.

The statute expressly provides that such special tax bills shall, in any action thereon, be *prima facie* evidence of the regularity of the proceedings for such special assessment, of the validity of the bill, of the doing of the work and of the furnishing of the materials charged for, and of the liability of the property to the charge stated in the bills. Revised Statutes, 1889, section 1499. We must therefore presume under this section, in the absence of any evidence to the contrary, that all the prerequisites to the issuance of the bill have been complied with.

The result is that the judgment herein is affirmed. All concur.