J. P. GALLAHER, Respondent, v. DAVID BARTLETT *et al.*, Appellants.

### Kansas City Court of Appeals, January 6, 1896.

1. **Special Tax Bill: JUSTICE'S COURT: STATEMENT.** A statement in a justice's court on a special tax bill and the tax bill set out in the opinion are both *held* to be sufficient in form and substance.

2. ———: **OWNER OF LOTS.** Sections 1406 and 1407, Revised Statutes, 1889, do not require the tax bill to give the name of the party owning or interested in the real estate.

3. ———: **EVIDENCE: DEFENSE.** A certified tax bill in an action thereon is *prima facie* evidence of its validity, of the doing of the work, of the furnishing the material, and the liability of the property charged, but a mistake in computation and an apportionment may be pleaded as a defense and the presumption of correctness is rebuttable.

4. ———: **ORDINANCE: RECITALS.** Where the ordinances referred to in the tax bill are not found in the record, recitals in the bill that the sidewalk was authorized by a special ordinance and constructed according to a general ordinance, will be regarded as unexceptionable.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

AFFIRMED.

*Pike & Morton* for appellants.

(1) No cause of action is stated. The work was to be done according to ordinance 1655 and is alleged to have been done according to another ordinance, 356, passed two years before. The several lots were not charged with their proportion of the work done on the south side, but with the work done in their immediate front. R. S. 1889, sec. 1406; *Eyeman v. Hardy,* 8 Mo. App. 312; *Galbreath v. Newton,* 30 Mo. App. 391; *Riley v. Stewart,* 50 Mo. App. 600; *King Hill, etc., v. Hamilton,* 51 Mo. App. 120. (2) When the contract was read it appeared more clearly that the work was to be done according to ordinance 1655 and certain specifications—adopted for this particular job and by reference a part of said ordinance. In *Gallagher v. Smith,* 55 Mo. App. 120, the special ordinance ordered the work constructed in the manner and of the material named in a section of general ordinance 356. (3) Tried by the standard indicated by *Galbreath v. Newton,* 30 Mo. App. 391; *Riley v. Stewart,* 50 Mo. App. 600, and *Eyeman v. Hardy,* 8 Mo. App. 312, the tax bills are void on their face. (4) The ordinance and contract must not only be complied with, but the cost of the work must be computed and apportioned. The engineer did not apportion the work according to frontage. The bill states that the engineer computed the cost, etc., and that "said work consisted of twenty-four lineal feet of plank walk." This was an assessment of the cost of the work done immediately in front of the lot, and not its proportion, according to frontage, of

the whole contract work done on the side of the street on which the lot abutted. The declaration of law asked and refused shows that this method of assessment was, in the opinion of the circuit court, the lawful one.

*Porter, Spencer & Connett* for respondent.

(1) The tax bill is sufficient in form. R. S., sec. 1406. *Galbreath v. Newton*, 30 Mo. App., cited by appellant is not in point. The case arose under the charter of Sedalia. Acts, 1873, sec. 24, p. 370. Section 1407, Revised Statutes, 1889, expressly provides that "no such tax bill need give the name of any party owning or interested in the land." (2) The statement filed with the justice is sufficient.

SMITH, P. J.—This is an action upon a special tax bill, commenced before a justice of the peace. The statement alleged that the city of St. Joseph, a municipal corporation existing under the laws of this state, by its duly authorized officers and agents, issued and delivered to plaintiff, as contractor, a special tax bill, dated September 29, 1893, for the sum of $7.44, and that the contents of said tax bill were as follows:

"1012.—Duplicate Special Tax Bill, for laying third-class sidewalks. City Engineer's Office, St. Joseph, Mo., Sept. 29, 1893.—Mrs. Lucy R. Lewis to J. P. Gallaher, Dr.: To amount chargeable to lot 1, block 19, in St. Joseph improvement addition to the city of St. Joseph, in Buchanan county, Missouri, due for laying third-class sidewalk on the south side of Corbey street, in front of said lot, as provided by special ordinance number 1655, approved Sept. 2, 1893. I hereby certify that the work of constructing said third-class sidewalk is completed and in accordance with the provisions of general ordinance number 356 of the city of

St. Joseph, approved November 21, 1891. That when said work was done I computed the cost thereof, and mad. out this special tax bill in favor of J. P. Gallaher, the contractor, and against the above described lot or parcel of land, which lot fronts on and ajoins that side of the said street or avenue where such sidewalk was laid. Said work consisted of twenty-four lineal feet of plank walk, at thirty-one cents per foot, $7.44, and —— cubic yards of grading at —— cents per cubic yard, $——, making a total cost of $7.44 (seven and 44–100 dollars). I certify this special tax bill to be correct, this twenty-ninth day of September, 1893.

"CHARLES W. CAMPBELL,

"City Engineer of the City of St. Joseph."

The statement further alleged that the defendants were the owners, or claimed some interest in the lot described in the tax bill, etc. It will be observed by reference to section 1407, Revised Statutes, that the statement is quite sufficient. No essential required by the provisions of that section is omitted. It will be further observed by reference to sections 1406 and 1407, that the said tax bill is sufficient in form and substance. The statute does not require a tax bill issued by a city of the second class, of which the city of St. Joseph is one, to give the name of the party owning, or interested. And whether in the tax bill the name of one is given, who is not the owner of the lot in front of which the improvement has been made, or who has no interest therein, or whether no name at all is given, does not in any way affect the validity of such tax bill. Whether, as the defendants contend, the city engineer did not compute the cost of the construction of the entire sidewalk, and apportion the same among the several lots or parcels of land to be charged therewith, and charge each lot or parcel of land with its proper share of such cost, according to the frontage of

the same, we are unadvised by any evidence in the record before us, beyond that to be found in the recitals in the tax bill.

The statute, section 1407, expressly provides that such certified tax bill, in any action thereon, shall be *prima facie* evidence of the validity of the bill, of the doing of the work, and of the furnishing of the materials charged for, and the liability of the property to the charge stated in the bill.

If the tax bill must show upon its face, as defendant contends, that all the statutory prerequisites, including the computation and apportionment required by section 1406, have been complied with, then the provisions of the statute just referred to are meaningless. As the statute only requires the city engineer to certify the proper share of the cost of the whole work, which is to be a charge against each, it follows that, in order to make the tax bill *prima facie* evidence of the correctness of the charge against each lot, it must be presumed that the prerequisite computation and apportionment has been made in conformity to the statutory rule.

A mistake or error in the computation and apportionment made by the engineer may be pleaded as a defense to an action on the tax bill. The statute makes provision for correcting an error of this kind in the tax bill, as will be seen by reference to the proviso of section 1407. The presumption which obtains, therefore, in favor of the correctness of the tax bill is rebuttable. *Bank v. Wilson*, 64 Mo. 418; *Neenan v. Smith*, 60 Mo. 292; *Kansas City v. Arnoldia*, 63 Mo. 229; *Weber v. Schergens*, 28 Mo. App. 587. These authorities decide that a special tax bill, based upon an improper theory of apportionment, is not void. In *Keith v. Bingham*, 100 Mo. 300, it was ruled, that *it was not necessary that a tax bill should show on its face*

that every prerequisite step necessary to its validity has been taken. The statute does not require it.

We think upon principle it is clear that the *prima facie* character of the tax bills raises the presumption that the city engineer acted rightfully and that he made the computation and apportionment required by the statute. *Springfield v. Shackelford*, 56 Mo. App. 637; *Keith v. Bingham*, 100 Mo. 300; *Ess v. Burton*, 64 Mo. 105; *Seibert v. Allen*, 61 Mo. 482; *Neenan v. Smith*, 60 Mo. 292; *City v. Armstrong*, 38 Mo. 29; *Steifel v. Daugherty*, 6 Mo. App. 441; *Wand v. Green*, 7 Mo. App. 82.

Neither special ordinance number 1665, nor general ordinance number 356 are found in the record. It may have been that the special ordinance required a third-class sidewalk to be laid on Corbey street, and that the general ordinance specified the width, material and manner of the construction of sidewalks of that class; so the recitals of the tax bill that the sidewalk authorized by the special ordinance had been constructed according to the requirement of the general ordinance would seem unexceptionable. It does not appear that any of the cases cited by the defendants are applicable.

So far as we are able to discover, no error was committed by the trial court in refusing the defendant's instruction, nor in any other material particular.

The judgment will be affirmed. All concur.