THE STATE at Relation and to Use of NORA GAGNEPAIN, CHARLES TUCKER and BARBARA LITTERS v. CHARLES H. DAUES ET AL., Judges of St. Louis Court of Appeals.—15 S. W. (2d) 815.

Court en Banc, March 27, 1929.

378

*Killian & Greenwell* and *P. B. Wood* for relators.

*Samuel Bond* and *Lucius W. Robb* for respondents.

380

ATWOOD, J.—This is a certiorari proceeding in which relators seek to quash the opinion and judgment of the St. Louis Court of Appeals in the case of Nora Gagnepain, Charles Tucker and Barbara Litters v. Levee District No. 1 of Perry County, Missouri, a corporation, John Devenyns, Vincent J. Rola and Pat Esselman.

Counsel for respondents say that the abstract filed by relators is fatally defective in that it does not contain the motion for rehearing, the writ of certiorari or the return of the judges of the St. Louis Court of Appeals, and that our writ should be quashed. Our rule 33 relating to procedure as to original writs contains this provision: "On final hearing printed abstracts and briefs shall be filed in all respects as is required in appeals and writs of error in ordinary cases." We have held that the rule applies to this class of certiorari proceedings, and if no abstract is filed the writ will be quashed. [State ex rel. Paine v. Trimble, 290 S. W. (Mo.) 132; State ex rel. Egan v. Trimble, 291 S. W. (Mo.) 468.] Rule 13, applicable to ordinary cases and hence applicable to this case, provides that the abstract "shall set forth so much of the record as is necessary to a complete understanding of all the questions presented for decision. Where there is no controversy as to the pleadings or as to deeds or other documentary evidence it shall be sufficient to set out the substance of such pleadings or documentary evidence. . . . Pleadings and documentary evidence shall be set forth in full when there is any question as to the former or as to the

admissibility or legal effect of the latter; in all other respects the abstract must set forth a copy of so much of the record as is necessary to be consulted in the disposition of the assigned errors.'' In State ex rel. Hirsch v. Allen, 274 S. W. (Mo.) 353, we held that filing a purported abstract in a certiorari proceeding which did not set out the opinion of the Court of Appeals was not a compliance with Rule 13. This holding is sound because the purpose of such a proceeding is to determine whether or not the decision of the Court of Appeals contravenes ''the last previous rulings of the Supreme Court on any question of law or equity,'' and obviously such purpose cannot be accomplished without consulting the opinion. But the abstract duly served and filed in this case sets out the opinion of the St. Louis Court of Appeals, as well as parts of the abstract of the record filed in that court which counsel for relators presumably deemed pertinent to the conflicts alleged in their petition for writ of certiorari, and also recites that relators had previously ''filed in the Supreme Court 15 printed copies of their petition for writ of certiorari herein—which said petition is accompanied with a certified copy of said decision, a copy of relators' motion for rehearing, a certified copy of the order of the Court of Appeals overruling said motion for rehearing and proof of service of notices on Judges of Court of Appeals and counsel for defendants,'' which recital is borne out by our own record. One of the functions of an abstract of the record is to expedite the work of the court and, as we have said in State ex rel. Wallace v. Lincoln, 274 S. W. (Mo.) 677, the time of the judges should not be ''frittered away in examining and assorting a mass of typewritten documents, . . . for the purpose of gathering and compiling therefrom such of the record facts as are necessary to a complete understanding of all questions presented for decision.'' To insure our consideration of matters deemed pertinent to the alleged conflict of opinion relators should have included within the covers of their printed abstract all matters ''necessary to a complete understanding of all the questions presented for decision'' and proper for us to consider in such a proceeding, but in view of the facts that we have never undertaken to prescribe in detail just what such an abstract must contain, that relators' abstract does contain respondents' opinion and other pertinent matter including a reference to printed copies of relators' petition and exhibits filed, and that this proceeding is for the purpose of determining whether or not respondents' decision contravenes our last previous rulings, we think relators have substantially compiled with our rules and the writ of certiorari should not be quashed on account of the alleged failure. Looking to the opinion and pleadings referred to therein for a statement of the case we find that the action was one for damages in the sum of $4,000 against defendant levee district and three individual defendants assumed to be the directors of said

district for their action in raising a street located upon and adjacent to plaintiffs' land by constructing a levee thereon; that the court sustained a demurrer to the petition, and plaintiffs failing to plead further judgment of dismissal was entered from which plaintiffs have appealed; that plaintiffs' petition alleged that said district was organized in Perry County, Missouri, under the provisions of Chapter 101, Revised Statutes 1889, and was acting under Article X of Chapter 28, Revised Statutes 1919; that plaintiffs own certain lots situated in that part of the incorporated town of Clearyville known as West Chester, with buildings located thereon and used for hotel purposes; that as the owners of said lots plaintiffs were also the owners of all beneficial uses in the street in front of the same except those held by said town for street purposes; that in 1925 defendants constructed a levee embankment about six feet high on Front Street in said town and immediately in front of plaintiffs' said property; that prior to the construction of said levee the grade of said street was slightly lower than the surface of plaintiffs' lots affording good drainage and means of ingress and egress thereto; that the construction of the levee as aforesaid has deprived plaintiffs of all beneficial use in said street; that vehicles cannot now enter plaintiffs' said property from said street or park in front or within a reasonable distance thereof; that said embankment is steep and constructed of sandy soil which becomes very dusty in dry weather and during heavy rains sediment therefrom flows into plaintiffs' property; that said embankment has impaired the drainage of plaintiffs' lots, destroyed the view from plaintiffs' hotel property of the Mississippi River and of the city of Chester, Illinois, and in summer prevents the circulation of cool air through plaintiffs' buildings; that said district has never secured any right of way from the town of Clearyville or from plaintiffs over and along said street, but ''wrongfully and unlawfully entered upon said street and erected said embankment without any authority or right whatsoever,'' and ''that defendant wholly refused to treat with plaintiffs with regard to the damages so done to their property as aforesaid, or to have such damages thereto assessed.'' The petition prayed for damages in the sum of $4000 ''by reason of said acts of defendants as aforesaid, in so raising said street and embankment.''

The demurrer was to the effect that the petition does not state facts sufficient to constitute a cause of action because said levee district ''is but a governmental agency created to perform a work of general public utility and it is not subject to a suit or liable for damages in this action.''

It is further stated in the opinion that plaintiff's property lies within the district; ''that there is no charge that there was irregularity in the organization of the district, and all steps necessary have been taken by the district to carry on this improvement, unless

it be the allegation that the district did not secure the right of way in the street and the allegation that the defendants have refused to treat with plaintiffs after 'the damages were done.' ''

. The opinion holds that no damages can be recovered for the negligent construction of a levee by those who live in the district, on the ground that "a drainage district is a governmental agency, exercising the police power of the State, and exercising only public governmental functions," citing D'Arcourt v. Little River Drainage District, 212 Mo. App. 610; and Hausgen v. Elsberry Drainage Dist., 245 S. W. 401; that "consequential damages growing out of the proper execution of a levee by a drainage district is *damnum absque injuria*," citing Sigler v. Inter-River Drainage District, 311 Mo. 175, and Anderson v. Inter-River Drainage & Levee Dist., 274 S. W. 448; that "the levee here in question is built upon a highway, and then so far as the exact question arises as to whether the drainage district had to condemn a public street as a right of way for the levee, it is but necessary to say that the State could devote such street to a different public use and the drainage statute expressly authorizes this proceeding," citing State ex rel. v. Little River Drainage District, 269 Mo. 444; that this "is a plain suit for consequential damages arising out of the proper execution of the work flowing to land within the district, and it has been settled, and we think firmly so, by the Supreme Court and all the Courts of Appeals that the district is not liable for such damage;" that "such an injury is not a taking nor damaging within the meaning of the Constitution;" and that "if the district is not liable, then the directors or commissioners individually are not liable."

Relators assert that respondents' ruling that the alleged injury is *damnum absque injuria* and not a taking or damaging within the meaning of Art. II, Sec. 21, of the Constitution, purporting to be on authority of Sigler v. Inter-River Drainage District, 311 Mo. 175, 279 S. W. 50, and Anderson v. Drainage & Levee District, 309 Mo. 189, 274 S. W. 448, is in conflict with our decisions in Bruntmeyer v. Squaw Creek Drainage District No. 1, 194 S. W. 748; Hickman v. City of Kansas, 120 Mo. 110; Kansas City v. Morton, 117 Mo. 446; Householder v. City of Kansas, 83 Mo. 488, and other decisions of this court in relation to the damages caused by changing the grade of a street in front of abutting property which hold that such damages fall within the protection of the Constitution as amended and are not *damnum absque injuria*.

Judgment in this case having been rendered on demurrer to the petition all facts well pleaded in the petition must be taken as true. Having recourse to the petition, because it is referred to in respondents' opinion, we find that plaintiffs alleged that as owners of said lots they "were also the owners of all beneficial uses in said

street in front of said lots except those held by the said Town of Clearyville for street purposes;'' ''that by reason of the raising of said street as aforesaid, the said property of plaintiffs has been deprived of all beneficial use in said street;'' and that defendant ''Levee District No. 1 of Perry County, Missouri, at no time secured the right of way for any of its work from the Town of Clearyville or from these plaintiffs over or along said street; but that the defendants each and all of them wrongfully and unlawfully entered upon said street and erected said embankment without any authority or right whatsoever.'' It thus appears that defendants took some of plaintiffs' land as well as damaged their property. Furthermore, the laws of a state are judicially noticed by the courts of that state (15 R. C. L. 1066), and Section 4672, Revised Statutes 1919, relating to levee districts formed under Chapter 101, Revised Statutes 1889, and acting under Article X, Chapter 28, Revised Statutes 1919, sets up the following requirements as to acquisition of right of way:

''Before said work is let under contract said board of directors shall procure the right of way over all lands belonging to private persons and right of way or roadbed of any railway corporation and any other private or public corporation, and in case they cannot get a gratuitous relinquishment of such right of way, or in case said board of directors or the engineer, attorney or agent of said board of directors are unable to agree with the owner of said lands as to the amount of compensation to be paid such owner for said right of way, they shall proceed to condemn such, and all lands necessary for a right of way for such levee, or any extension thereof, according to the provisions of article II, chapter 13, of the Revised Statutes of Missouri, 1919.''

It is not enough to say, as is said in the opinion, ''that the State could devote such street to a different public use and the drainage statute expressly authorizes this proceeding,'' citing State ex rel. v. Little River Drainage District, 269 Mo. 444. In this case we did quote (l. c. 456) a part of Section 5513, Revised Statutes 1909 (now Sec. 4402, R. S. 1919, which is a part of Chapter 28, Article 1, governing the organization of drainage districts by circuit courts), in which it was said: ''The said board of supervisors shall have power and authority to construct any of said work and improvements across, through or over any public highway,'' etc., and we ruled that (l. c. 459) ''it is clear that the Legislature had plenary power to grant to the drainage districts of the State the right of way for all drainage districts, canals, levees and dikes over and across the public highways of this State, without requiring, as a condition precedent, the obtaining consent thereto of the several counties of the State wherein the highway lies, or of the county courts of such counties.'' However, this was a proceeding by injunction in behalf of Scott County,

and not an abutting property owner, and on page 457 of the opinion we said: "Concededly, the State may not through its Legislature either trench upon private rights, or devote its public highways to a wholly incompatible use, or to a use which is not a public one. If it should superimpose an additional public servitude upon the easement, manifestly the private owner of the soil on which the original public highway easement is imposed would be aggrieved, but the latter question does not vex us here for reasons which are obvious." So much for this legislative exercise of the State's plenary power to grant *drainage districts* right of way for their improvements without obtaining consent of the counties wherein such highway lies when the rights of abutting property owners are not concerned. Here, however, the rights of abutting property owners are concerned, but even if this statute were broad enough to reach such rights it is no part of the law applicable to a *levee district* such as this, nor have we been referred to or been able to find any similar statute that is applicable.

It thus appears from respondents' opinion and the pleadings there referred to that in building this levee in the street in front of plaintiffs' abutting lots defendants did trench upon plaintiffs' private rights by superimposing an additional public servitude upon a part of their soil on which the original public highway easement rested, and did so in defiance of the mandate of the law by which the levee district was created and is governed, and solely through which its right to exercise any power is derived. Assuming for the purpose of determining the alleged conflicts in this case that our opinion in the Anderson case, supra, which received the concurrence of three judges constituting a majority in Division One of this court, and the result reached in the Sigler case, supra, which received the full concurrence of two judges and the concurrence of a third judge in the result, are decisive of and our last controlling decisions on the propositions relied upon in the opinion, namely, "that a drainage district is a governmental agency, exercising the police power of the State, and exercising only public governmental functions," and "that consequential damages growing out of the proper execution of a levee by a drainage district is *damnum absque injuria*," how can it be said that such governmental agency was lawfully exercising the police power of the State when in its very performance of the act complained of as causing the injury it failed to follow the method prescribed by law for the exercise of that power? In building the levee here complained of, under the facts alleged which for the determination of this case must be taken as true, the levee district was not in the exercise of the police power, but was simply taking and damaging private property for public use without just compensation. In attempting to apply the doctrine stated in the Anderson and Sigler

cases, where the districts were conceded to be in the lawful exercise of the police power, to the facts alleged and taken to be true in this case, respondents have brought their opinion in conflict with our above mentioned and other controlling decisions construing Section 21, Article II, of the Constitution of Missouri, the first sentence of which provides: ''That private property shall not be taken or damaged for public use without just compensation.'' If defendant levee district in building this levee without having acquired right of way therefor was not in the lawful exercise of the police power of the State, and under the facts appearing we hold that it was not, then respondents' ruling that no action for damages will lie is contrary to our latest controlling decisions which hold that since this constitutional provision was amended by the addition of the words ''or damaged'' in 1875 compensation must be paid not only for property taken and injury incident thereto, but also for consequential damages even where no land is actually taken. [St. L. K. & W. Ry. Co. v. Knapp-Stout & Co., 160 Mo. 396, 414; St. Louis v. Railroad, 272 Mo. 80, 93; and subsequent cases holding the same.] Our decisions ruling that owners of property thus damaged have had their day in court where the law governing drainage districts provides for the assessment of damages and benefits in their formation have no application, for the courts of this State take judicial notice of the fact that there is no such Missouri statute applicable to the levee district here involved.

Because of the conflict above noted the opinion and judgment of the St. Louis Court of Appeals are quashed. All concur.