ROBERT I. McQUIDDY, Respondent, v. MARY E. SMITH *et al.*, Appellants.

Kansas City Court of Appeals, June 15, 1896.

1. **Special Tax Bill**: DEFENSE: ASSESSMENT OF DAMAGES: FREEHOLDER'S CHARTER. The freeholder's charter of Kansas City does not intend to make assessment of damages and benefits for grading a street a condition precedent to an order of improvement assessing the costs to the abutting property, and the property owner does not have to be made a party to such proceeding.

2. **Tax Bill**: DEFENSE: DAMAGES. It is no defense to a tax bill that the property of the defendant was in fact injured rather than benefited by the improvement.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*C. E. Burnam* for appellants.

(1) The universal rule is, as far as we have been able to ascertain, that the proceedings prescribed by law, for special assessment, must be strictly pursued. The observance of every one of its substantial requirements must be regarded as a condition precedent to the validity of the assessment, and if the assessment is not valid, the tax bill is void and there is no lien. This rule is fundamental and imperative. Missouri Constitution, 1875, art. 2, sec. 21. *State ex rel. v. Field*, 99 Mo.

352; Elliott on Roads and Streets, pp. 150, 152, 242, 380, 384, 415; Dillon on Municipal Corp., sec. 769, note, secs. 803, 804, and note, and 811; Cooley on Taxation, pp. 418, 430; Cooley on Taxation, pp. 464, 471, 472; *Massing v. Ames*, 37 Wis. 645; *Pound v. Chippewa Co.*, 43 Wis. 63; *Allen v. Galveston*, 51 Tex. 302; 10 Am. and Eng. Encyclopedia of Law, pp. 298, *et seq.; Fowler v. City of St. Joseph*, 37 Mo. 237; *Kiley v. Oppenheimer*, 55 Mo. 375; *Leach v. Cargill*, 60 Mo. 316; *Kansas City, etc., v. Swope*, 79 Mo. 448; *Cole v. Skrainka*, 105 Mo. 306; *City of Independence v. Gates*, 110 Mo. 374; *Keane v. Cushing*, 15 Mo. App. 96; *Galbreath v. Newton*, 30 Mo. App. 380; *Chaplin v. Taylor*, 49 Mo. App. 126; *The City of Sedalia v. Gallie*, 49 Mo. App. 392; *City of St. Louis v. Ranking*, 96 Mo. 507; *Ulman v. Baltimore*, 11 L. R. A. 224; *Scott v. Toledo*, 1 L. R. A. 694; *Davidson v. New Orleans*, 96 U. S. 102; *Thomas v. Gains*, 95 Mich. 422; *Kendinger v. Saginaw*, 59 Mich. 355; *Mills v. Detroit*, 95 Mich. 422. The only exception and distinction being made as to those matters which are merely formal and directory, that is, ministerial, and which do not affect the substantial rights of the parties. *St. Joseph v. Anthony*, 30 Mo. 538; *Sheehan v. Owen*, 82 Mo. 458; *Cole v. Skrainka*, 105 Mo. 309; *Springfield, etc., v. Knott*, 49 Mo. App. 612; *Householder v. The City of Kansas*, 83 Mo. 494; *Johnson v. Duer*, 115 Mo. 379; Elliott on Roads and Streets, 242. (2) The power to exact a special tax from a property owner rests upon the fact that there is a betterment of his property to the extent of the cost of the improvement. To deny the owner a right to a hearing on this question in a judicial proceeding is jurisdictional and voids the whole proceeding. Elliott on Roads and Streets, 393; 10 Am. and Eng. Encyclopedia of Law, p. 295; *Davidson v. Bd. New Orleans*, 96 U. S. 97; *Hagar v. Rec. Dist.*, 111 U. S. 701.

McQuiddy v. Smith.

*T. B. Buckner* and *Karnes, Holmes & Krauthoff* for respondent.

(1) If the taxing power has been called into being in the regular way, that is, prescribing by ordinance that a street shall be graded, then the fact that the damages have not been previously assessed is no defense to a suit on a tax bill, but the recourse in such cases is for damages against the city. *Keith v. Bingham*, 100 Mo. 300; *Ross v. Stackhouse*, 114 Ind. 200; *Warren v. Paving Co.*, 115 Mo. 580. (2) We contend that under the whole case, the defendants' plea rests upon the most hairsplitting technicalities, and that they having had personal knowledge of the work being done, or the passage of the ordinance, having stood still until the contractor had expended his money and finished the work in direct accordance with his contract, the defendants are now estopped to plead the defense raised by them in this case. Courts are beginning to look with disfavor on technical defenses in cases of this kind and character by parties who know of such improvements and interpose no objection, not even a protest. The most recent decisions of this state, and those of other states cited by our courts approvingly, fully support this position, and we would invite their careful examination. *Sheehan v. Owen*, 82 Mo. 464; *Ross v. Stackhouse*, 114 Ind. 200; *Cole v. Skrainka*, 105 Mo. 309; *Morse v. City of Westport*, 110 Mo. 502; *Johnson v. Duer*, 115 Mo. 381.; *Gibson v. Owen*, 115 Mo. 269; *Warren v. Pav. Co.*, 115 Mo. 580; Herman on Estoppel, sec. 1221; *Paving Co. v. Edgerton*, 125 Ind. 455; *Clements v. Lee*, 114 Ind. 399; *Pretzinger v. Harness*, 114 Ind. 498.

GILL, J.—In the year 1890, the proper authorities in Kansas City passed an ordinance to grade Locust

street from Twenty-third to Twenty-sixth streets. The work was let in due time and performed by the contractor, who received tax bills therefor in April, 1891. These tax bills were held invalid because of the failure of the board of public works to compute the cost of the work and apportion the same against the property charged with the payment thereof. *McQuiddy v. Vineyard,* 60 Mo. App. 610. Shortly after the decision just noted, new and proper tax bills were issued by the board of public works; and this action is brought on one of these, whereby it is sought to charge defendants' property abutting on that portion of the street graded.

In the present action, the sole defense is that, though these defendants were owners of the property at the date of the ordinance providing for the work, and at all times since, yet they had no notice and were not made parties to the proceeding in the circuit court for assessing damages and benefits resulting from grading the street, as was then provided by article 8 of the Kansas City charter. The circuit court held this no defense, and from a judgment enforcing the tax bill, defendants appealed.

In this connection it may be well to state that, although the defendants were not parties to the proceedings in the circuit court to assess damages and benefits for the proposed change of grade, yet, after the work was done and the change effected, they sued the city in a common law action for damages and recovered the sum of $2,750, which was paid.

In our opinion, the judgment of the circuit court was correct. It was not intended by the provisions of the charter of 1889 to make the assessment of damages and benefits for grading a street a condition precedent to the authority of the city to order the improvement and assess the cost thereof to the abutting property,

The purpose of article 8 was to prepare a way by which the city could have settled beforehand the damages to be incurred by the proposed improvement, so that it might be advised in advance whether or not it was proper, and for the public good, to prosecute the work. Section 15 authorizes the city—even after verdict and judgment fixing damages and benefits have been rendered—to abandon the improvement and repeal the ordinance. If, however, the city should proceed with the work without having these damages assessed, then it is clear that the property owner may resort to the courts and there secure his damages by an ordinary action, as defendants seem to have done in this instance. But the failure to have these damages assessed in advance of the work ought not to deprive the contractor of his right of compensation. This is a matter of which he has no control, and is a proceeding to which he is not a party. As said in *Keith v. Bingham*, 100 Mo. 300: "The right of action, which a person might thus have against the municipality, would constitute no just defense to the claim of the contractor, who had made the improvement, and to whom, under the law in question here, the tax assessment is payable."

The mayor and common council have full and exclusive power and authority over the city's streets, and to grade or to regrade the same, as they deem best, subject, of course, to a liability for damages to private property. To pay for such grading, too, the city is authorized to assess against the abutting real estate the cost thereof. It is true that the basis of this authority to charge the adjacent property, is the supposed benefit conferred on this particular property. But, as stated by a well known text-writer, "this compensation received in benefits does not differ in prin-

ciple from the compensation received, or supposed to be received, for general taxes, and is often a myth, in fact, in the one case, as in the other." Lewis on Eminent Dom., sec. 5.

So, then, it is no defense to this tax bill that the property of these defendants may, in fact, have been injured rather than benefited by the street grading. The judgment is for the right party and will be affirmed. ELLISON, J., concurs; SMITH, P. J., not sitting.